## A. GENTILE *v.* DESIRE PLASENCIA.

A curator *ad hoc* appointed by the court to represent the interest of minors, who were legatees under a will, which the executor and the other heirs at law had sued to set aside, cannot be paid his fees out of the legacy to the minors, which, by the terms of the will, was specifically appropriated to certain designated purposes for their benefit.

APPEAL from the District Court of the parish of Assumption.    *Cole,* J. *Bonford*, for plaintiff.   *Malhiot & Mills*, for defendant and appellant.

BUCHANAN, J.  *Francisco Plasencia* by his last will emancipated certain slaves, to whom he also bequeathed a legacy in the following terms :

" Je donne et lègue à Félicté Françoise, mulâtresse agée d'environ six ans, enfant de Louise, émancipée par acte au rapport de André Le Blanc, notaire, ainsi qu'à chacun des enfans sus-nommés, Suzanne, Perez ou Perrie et Lise, la somme de cinq cents piastres, à chacun une fois payée pour pourvoir a leurs besoins jusqu'à ce qu'ils soient à même de le faire eux-mêmes."

" Je prie mes deux fils, Graville Placinero et Désiré Placencia, de se charger de l'exécution de cette dernière disposition de mes volontés et d'administrer conjointement les intérêts des dits enfans en fesant le placement le plus avantageux pour eux de cette somme de deux mille piastres."

The heirs at law brought suit against the testamentary executor to set aside the will ; and the court, considering that the interest of these minor legatees required to be separately defended, inasmuch as the executor, being himself a son and one of the heirs at law of the testator, might be deemed to have an interest opposed to that of the legatees, appointed the plaintiff, an attorney at

GENTILE
v.
PLASENCIA.

law, curator *ad hoc* of the minors. He made an appearance in that capacity and pleaded to the suit. Judgment was rendered, maintaining the will; declaring the legatees to be *statu liberi*; ordering the testamentary executor to retain two thousand dollars out of the funds of the succession, to be used for the purposes expressed in the will; and to take the necessary steps to procure the freedom of the legatees, according to law.

The plaintiff has instituted the present action, claiming a fee of five hundred dollars for services rendered by him as attorney at law in the defence of the suit of the heirs just mentioned, and asking that the same be paid him out of the legacy of two thousand dollars, in the hands of the executor. He had judgment in the District Court according to the prayer of his petition, and the administrator has appealed.

We are of opinion that the compensation claimed, cannot be paid out of the fund of $2,000, bequeathed by the testator. By the terms of the will and of the decree of the court in the suit by the heirs to annul the will, that fund was specifically appropriated to certain designated purposes, from which it cannot now be diverted. If there be a liability any where to pay the value of the curator's services, it would seem to rest upon the heirs who provoked his appointment in their unsuccessful attack upon the testator's will. It seems just that they, his universal legatees, should bear the burden of any expense incurred in resisting the execution of the declared will of their testator, to-wit: the emancipation of their slaves. See succession of Criswell, 9th Annual. At all events, the curator *ad hoc* has no right to defeat, in this action, the dedication of a fund made by a decree to which he was a party. We think the judgment must be reversed, but will reserve by our decree the plaintiff's right if any he have, to claim a compensation for his services, from the heirs who provoked his appointment, or out of any funds coming to said heirs from the testator's estate, remaining in the hands of the executor undistributed.

The judgment of the District Court is reversed, and judgment is rendered for defendant as in case of non-suit; without prejudice to the right of plaintiff against the heirs for a compensation; costs in both Courts, to be paid by plaintiff and appellee.