ELIZABETH HOLLINGSHEAD and HUSBAND *v.* LEWIS STURGES, EX'R, et als.

A party may well ask the nullity of a will, and, in case he fails in that instance, sue for a reduction of excessive dispositions.

The object of probating a will is to procure its execution; and when a judgment of homologation is obtained contradictorily with proper parties, the judgment, as between them, will bar a subsequent action in nullity.

APPEAL from the District Court of East Feliciana, *McVea*, J.

W. J. *Hamilton*, W. F. *Kernan*, R. J. *Bowman*, and *Fuqua & Kilbourne*, for plaintiffs. *Muse & Hardee* and *P. Pond Jr.*, for defendants and appellants.

VOORHIES, J. The object of the plaintiff's demand is two-fold: in the first place, to obtain the homologation of a will of Mary Kepler, deceased, dated — December, 1859; and, secondly, to obtain an order of court pronouncing the previous will of the deceased, dated May 9th 1851, revoked by the subsequent will, and by a letter of hers bearing date September 29th, 1859.

The plaintiff being the mother, and as such the forced heir of the deceased Mary Kepler, prays for a reservation, at all events, of her *legitime.*

The defendants,—the executor and legatees,—excepted to this action, upon the grounds that the demands were inconsistent and incongruous; that the petition does not disclose any right of action on the part of plaintiff; and that no action can be had on a will which has not been probated.

This exception was partly sustained; the District Judge restricting the demand to the probating of the last will of the deceased, and to the recognition of whatever rights the plaintiff might have as forced heir.

The defendants offered to file an answer, in which several grounds of nullity are set against the will of the 29th September 1859; but, upon objection on the part of the plaintiff, this document was not admitted,— the Court deciding that the object of the suit was merely to obtain the probate, and not to test the validity of the will.

The case, upon being tried, resulted in a judgment homologating the second will, and decreeing the revocation of the previous one.

We are of opinion that this cause should be remanded for a new trial.

The plaintiff has a right to have tried the several issues presented by her pleadings. There is no inconsistency or incongruity in the several demands contained in her petition. The right to the *legitime* is distinct

and apart from whatever rights, which she may claim by virtue of the will of her deceased daughter; and, should the succession be intestate, her rights beyond the *legitime* would be derived from the law. There can therefore be no impropriety, as a matter of pleading, to claim the whole succession either by virtue of a will or by effect of law, and, in the alternative, to ask a reduction of such legacies as intrench upon the *legitime*, should the succession be testamentary. A party may well ask the nullity of a will, and, in case he fails in that instance, sue for a reduction of excessive dispositions.

On the other hand, the defendants were entitled to attack the validity of the second will, when the attempt was to have the same probated. The object of probating a will is to procure its execution; and, when a judgment of homologation is obtained contradictorily with proper parties, the judgment as between them will bar a subsequent action in nullity. The answer assailing the validity of the will of September 1859, should have been filed, and the issue therein tried.

In the unsettled state of the pleadings and of the evidence, as presented in the record, it is not proper that we should pass upon the question of revocation. Nor are we prepared to say whether or not, under the pleadings and the evidence, the nuncupative will by private act of Mary Kepler, deceased, is a valid testament.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and that this cause be remanded for further proceedings; the plaintiff and appellee paying the costs of appeal.

LAND, J., absent, concurring.