## No. 8541.

### THE HEIRS OF JACOB HOOVER VS. Z. YORK AND E. J. HOOVER, EXECUTORS.

### A. G. OBER, INTERVENOR.

The heirs of a deceased testator sue to recover his estate from the universal legatees, alleging that the last will of the deceased was null and void for certain causes of nullity which are set forth in the petition.

Judgment is rendered decreeing the will valid, and the title of the universal legatees, or of those holding under them, to the estate sued for, a good one, the latter having been made parties to the suit.

After this decision another suit is instituted by the legal heirs against the executors alone, propounding the same causes of nullity as before, and praying that the order probating the will be annulled and set aside, and the will declared null and void. The owner of the estate, by title derived from the universal legatees, who was a defendant in the former suit, intervenes in this last suit and resists the pretensions of the plaintiffs on the same grounds as before.

*Held*, that the judgment in the first suit could be pleaded as *res adjudicata* to the demands of the plaintiffs in the last or present one, and that this plea was properly sustained.

APPEAL from the Ninth District Court, Parish of Concordia. Hough, J.

Geo. S. Sawyer for Plaintiffs and Appellants:

In consequence of the intervention of Ober, the case consists of two branches; yet there are but two questions involved in this appeal, viz: prescription and *res judicata*.

1. There is no prescription known to the law which bars an action to avoid the illegal probating of a testament; the proceeding binds nobody not a party to the same. 2 An. p. 743; 13 An. p. 375; 4 An. p. 527; 11 Rob. p 196; 1 Rob. p. 116; 6 An. p. 104; 25 An. p. 85,

2. No prescription bars an action to avoid a testament on the ground of a "secret" substitution or *fidei commissum*; it contravenes a prohibitory law. C. C. Arts. 1520, 1491, ; C. N. Art 119; Provost vs Provost, 13 An. p. 375. "*Quod ab initio vitiosum est non potest tractu temporis convalesceri.*"

3. No prescription can cure the absolute nullity of a pretended title to property acquired at a bankrupt sale through collusion and fraud, such as the concealment of personal property in the hands of this purchaser by the bankrupts in their surrender, the false acknowledgment of indebtedness by the bankrupts to the intervenor Ober, and the suppression of just credits due by him. See answer to Ober's intervention, Rec. pp. 214, 246 ; Bankrupt Law and Pract. in Bankruptcy, 5th ed. by Bump, pp. 442, 444; Kerr on F. and M., pp. 247, (Nos. 7 et seq.) 284, 442, 444.

4. These peremptory exceptions being in the nature of demurrers, must be tried on the allegations of plaintiffs in their pleadings. unless specially disproved by defendant's evidence. 9 An. p. 265; 14 La. 421; 12 An. 190; 13 An. 138, 177, 205; 14 An. 137; 2 Hen. Dig. p. 1169, (No. 2.)

5. The plea of *res judicata* cannot be maintained ; the judgment in the former suit was not for the same thing; the demand was not founded on the same cause of action. This suit is not between the same parties, nor formed by them against each other in the same capacity. C. C. Art. 2286. The two suits did not originate in or before the same courts or court of concurrent jurisdiction. C. P. Art. 335, (C. C. 2); 5 Rob. p. 15; 2 An. p. 840; 3 An. p. 531; 24 An p. 331.

6. Points not raised or passed upon in the former suit are not *res judicata* in the latter.

The question raised by Ober's intervention in this suit, as to the validity of his bankrupt title, was not at issue by the pleadings in the former suit. 9 M. 521; 5 An. 105; 7 S. 430 ; 17 La. 92; 3 Rob. 171; 1 Hen's Dig. p 764, (Nos. 13, 20) ; 21 An. 355 ; 22 An. 610 ; 24 An. p. 332, strictly in point.

*E. D. White, J. G. Leach* and *E. D. Saunders* for Defendants and Intervenor, Appellees.

## On Motion to Dismiss.

The opinion of the Court was delivered by

Todd, J. The motion contains the following grounds :

1. That defendant abandoned his first appeal, and could not legally take a second appeal.

2. That the transcript of appeal was not seasonably filed.

*First.* The first appeal taken by plaintiffs was made returnable to this Court on the second Monday of February, 1881, the return day fixed for appeals from the Parish of Concordia, where the case was tried. The transcript was filed at that term of this Court, but dismissed on motion of the appellee, on account of a defective transcript. The appeal was devolutive, and within the year from the date of the original order granting the appeal, the plaintiffs applied for and obtained a second appeal.

It is contended that the failure of the appellants to perfect their first appeal and its consequent dismissal, showed an abandonment of the appeal, and should be so construed. We do not think so. The

abandonment of an appeal to debar a subsequent appeal must be a voluntary abandonment. It would be a forced construction of the law on the subject to hold that an irregularity in bringing up an appeal, even though it resulted from an error or fault on the part of the appellant, constituted a voluntary abandonment of his appeal, express or constructive. This is negatived by the fact that, upon the dismissal of the appeal, the appellants proceeded to take and prosecute another. The second appeal, being taken within the year prescribed for devolutive appeals, was in time.

Second. The second appeal, the present one, was made returnable on the second Monday of February, 1882. At that term of Court and within the legal delays the appellants applied for an extension of time, which was granted, quoting from the order, "until the next term of this Court sitting for the trials of appeals from the Parish of Concordia."

The first day of that term was the 12th of February, 1883. The transcript was filed on the 14th, and we think in time. It was within the term. A fair construction of this word "term," which the extension covered, would be the time within which an appeal so returnable could be filed, and would include the return day and the three subsequent days of grace.

An appeal should not be dismissed unless the right thereto has been clearly forfeited, and in case of doubt, the appellant should have the benefit of it and the appeal maintained.

We have been pointed to no authority that would justify the dismissal of the appeal on either ground urged. The motion to dismiss is therefore overruled.

---

### On the Merits.

This is a suit by the heirs of Jacob Hoover against the defendants, as executors of his last will, to set aside the order probating the same, revoke the letters testamentary issued to them, and to annul said will. As it is important, for its bearing on our conclusions, that the exact character of this action should be known, we quote from the prayer of the petition, that "the order or decree admitting the said will to probate be annulled, that the letters testamentary be revoked, and that the will itself be decreed to be null and void, for the reasons and on the grounds alleged by your petitioners." The suit was instituted in 1873.

There were pleas of *res adjudicata* and prescription filed by the defendants, which were sustained by the Judge of the first instance and the suit dismissed, and from this judgment the appeal is taken.

The plea of *res adjudicata* is founded on the following facts and proceedings:

Jacob Hoover died in the Parish of Concordia in 1859, leaving a large estate. The same year, and a short time previous to his death, he made a last will in the nuncupative form by public act, constituting Zebulon York and Elias J. Hoover his universal legatees, and appointing them testamentary executors. The will was duly probated.

The same year the heirs at law of said decedent instituted suit against the universal legatees to annul the will and recover the estate. In the petition and amended petitions in the case many grounds of nullity are set up, unnecessary here to enumerate. To show what was demanded in the suit and ascertain its precise character, we quote from the prayer of the petition as follows:

"That petitioners be adjudged to be the joint heirs of said Jacob Hoover; that the said pretended nuncupative will by public act  *  * be decreed to be null and void and vesting no title whatever in said York and Hoover," etc.

During the pendency of this suit York and Hoover, the universal legatees, surrendered in bankruptcy; the plantations devised them by the will were sold at bankrupt sale, and the assignee in bankruptcy and the purchasers of the property at the sale, one A. G. Ober and others, were made parties to the suit.

The suit was finally determined on appeal to this Court in 1872, being reported in 25 An. 375, wherein all the facts connected with this litigation are given in detail and at length, and to which we refer as furnishing a fuller statement of all matters connected with this controversy than we deem it necessary now to give.

In that opinion the Court recite the grounds of nullity urged against the will, both as relating to the form and the extraneous causes of nullity propounded in the suit, and the Court expressly declares that all the grounds of nullity urged are without force, and finally say, quoting from the opinion, " our conclusion is, that York and Hoover acquired by the will of Jacob Hoover a good title to all the property left by him," and by the decree rendered, the title to the property was confirmed in those holding under York and Hoover, and who had been made parties to the suit as stated.

The next year after this decision was rendered the present suit was instituted, the object and character of which we have stated above. We have gone carefully over the pleadings in both cases, and we find the grounds of nullity against the will asserted therein to be substantially the same. These various grounds urged in the first case are embodied in the original and several amended petitions, and are substantially repeated in the last—the present suit.

Heirs of Hoover vs. York and Hoover.

This view would seem to support at least one requisite of the plea of *res adjudicata* urged in bar of the instant suit—that of the same cause of action. It is, however, contended by the plaintiffs' counsel that such is not the case; that there is not that identity in the cause of action as to make good the plea. That the former suit was a petitory action, and the nullity of the will was only an incidental or collateral issue, whilst the present one is a probate proceeding directed against the executors of the will, and instituted originally in a different court from the other suit, the present one having been brought in the Parish Court and the former in the District Court.

It is obvious that the rights of the parties, or their respective claims to be determined in both suits, were dependent solely upon the validity or invalidity of the will in question. That was the main issue in both cases. In the first suit by the heirs for the recovery of the estate, the court was not only competent to pass on this question of the validity *vel non* of the will, but was compelled to do so, in order to determine whether the estate should go to those seeking to recover it or remain in the possession of those holding, possessing and claiming it under the will. This all important issue, this pivotal question, the Court of the highest resort did decide in the former suit. That judgment, whether it commends itself to our approval or not, was the judgment of a competent court having complete jurisdiction over the subject matter determined, and that judgment upon this issue was adverse to the plaintiffs in that case.

It is again urged that the parties to the two suits were not the same. That some of the heirs of Hoover were not parties to or represented in the former suit.

It appears that two of the heirs of Hoover, original parties to the first suit, one as the plaintiff and the other as intervenor, died during its pendency. The testamentary executor of one of them became a party to the proceeding and the attorney for the absent heirs of the other deceased was also joined therein.

It is contended that these original parties were not legally represented by these appearers. We do not find it necessary to determine this point, in view of the plea of prescription filed herein. If they were legally represented, then their rights were finally adjudicated upon by the judgment rendered. If they were not, then the plea of prescription must hold good as to their claims prosecuted in this suit in the names of their heirs, inasmuch as the prescription of five years, declared by Art. 3542 of the Code against actions for the nullity of testaments, was not interrupted as to them by the former suit. That suit, as stated, commenced in 1859, and the present one in 1873,

73

and more than five years elapsed after the death of these original parties before the institution of the present action.

It is, however, contended that this prescription does not apply to some of the causes of nullity propounded in this suit. It is undeniable that it applies to nullities of every kind and description, when urged against parties claiming and holding possession under the will.

The defendants originally in the first suit were York and Hoover, sued as universal legatees. Before the termination of that suit, as will be seen from the statement of facts premising this opinion, they ceased to have an interest in the suit for the reason that they became divested of their ownership of the property in controversy through their surrender in bankruptcy and the bankrupt sale mentioned, and the purchasers at such sale were made defendants in the suit, and became the only real defendants therein, and when the judgment was rendered in the case were the only parties in interest to be affected by the judgment.

The present suit was commenced against York and Hoover, as executors of the will, but the real party in interest resisting the claims and pretensions of the plaintiffs herein is A. G. Ober, the intervenor in the case, and one of the defendants in the former case, and representing in this all the interests of the real defendants in the former one.

This establishes the identity of the real parties in interest defending the two suits.

The final judgment in the first suit was a judgment in favor of Ober and his co-defendants, owners of the property in controversy, and the judgment of the District Court, now being reviewed on this appeal, was in favor of Ober, the sole owner of the property under transfer from the other purchasers at the bankrupt sale, and co-defendants with him in the former suit.

For these reasons the judgment appealed from is affirmed with costs.

---

### ON APPLICATION FOR A REHEARING.

We have reviewed thoroughly all the grounds urged in this application. Those that specially arrested our attention as entitled to the most consideration were the denial of the identity of the parties in the two suits, affecting the plea of *res judicata*, and that relating to the plea of prescription.

It was denied in the original argument that the legal representatives of Mrs. Wells and Mrs. Sprewel were parties to the first suit. In passing on this point in our original opinion, we said in substance that it was unnecessary to decide whether they were parties or not; that if they were not parties, that their right of action was barred by the prescription of five years before the institution of the present suit.

The counsel questions the correctness of that proposition, alleging that the character of the nullities charged in this suit against the last will of Hoover are not subject to the prescription of five years.

Having satisfied ourselves that the legal representatives of the persons named became parties to the first action, it becomes unnecessary to insist on the correctness of this proposition, and unnecessary to determine it. It is, therefore, withdrawn.

The record clearly shows that after the death of Mrs. Wells, who was a party to the first suit, as intervenor, J. H. Veazie was appointed *curator ad hoc* to her heirs, who were absent, and accepted service of papers and pleadings in that capacity, and afterwards joined in an amended petitition in such capacity, drawn up and signed by the same attorney who represents the plaintiffs in the present suit.

The testamentary executor of Mrs. Sprewel, another of the original parties, joined in the proceedings and became, in the strictest sense, a party thereto through the instrumentality of the same attorney.

Under these circumstances there is no room to question the fact of the identity of the parties in the two suits.

Rehearing refused.