## ENGELHARD v. SCHROEDER et al.*

(Circuit Court of Appeals, Third Circuit. February 1, 1922.)

No. 2782.

1. **Judgment ⬤⟶822(2)—Not entitled to full faith and credit as evidence against one not a party to it.**

Const. art. 4, § 1, does not require a court to give full faith and credit to a judgment of another state as evidence against one who was not a party to it.

2. **Judgment ⬤⟶828(3)—Federal court cannot set aside judgment of state court on ground of after-discovered evidence.**

A federal court is without power to set aside a decree of a state court, where the bill simply presents a case of after-discovered evidence; the remedy being in the court which rendered the decree.

3. **Judgment ⬤⟶828(3)—Party bound by judgment which he invoked.**

A party who, having the choice of tribunals between the federal and state court, chooses the latter, is bound by its decree, and cannot later invoke the jurisdiction of the federal court to set aside such decree on the ground of newly discovered evidence showing that it was obtained by fraud and perjury.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit in equity by George H. Engelhard, as receiver of the partnership of Schroeder & Rogers, against George J. Schroeder and Mae D. Schroeder. Decree for defendants, and complainant appeals. Affirmed.

Coult & Smith, of Newark, N. J. (Gustavus A. Rogers, Tudor Jenks, and Williston Benedict, all of New York City, of counsel), for appellant.

Ziegener & Lane, of Jersey City, N. J. (Harry Lane, of Jersey City, N. J., of counsel), for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. From the proofs it appears that Engelhard, the plaintiff in this case, had been duly appointed by the Supreme Court of New York as receiver of the firm of Schroeder & Rogers. Subsequently, in pursuance of the directions of that court, he filed a bill in the Chancery Court of New Jersey against Mae D. Schroeder and the two partners to set aside and declare void an assignment to her of certain accounts which the firm had owned. She appeared, alleged the assignment was valid, and made a counterclaim against the receiver, that he be decreed to pay to her certain accounts embraced in the assignments to her, which he had collected. After protracted litigation, testimony on both sides, report of a master, and hearing by the Court of Chancery, a final decree was entered August 13, 1920, by said court, adjudging, inter alia, that the assignment to Mrs. Schroeder was valid, and granting relief to her on her counterclaim. Thereafter the receiver appealed from said decree to the Court of Errors and Appeals of New Jersey, and on February 28, 1921, that court affirmed the decree of the Court of Chancery. Thereafter the

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Decree affirmed 257 U. S. ——, 42 Sup. Ct. 382, 66 L. Ed. ——.

plaintiff, on May 4, 1921, filed the present bill against Mrs. Schroeder in the District Court, seeking to enjoin her from enforcing the decree in her favor in the Court of Chancery, and praying:

"That said decisions in the Court of Chancery and the Court of Errors and Appeals of the state of New Jersey may be declared void, illegal, and of no effect."

In the court below the bill was heard on affidavits. Two contentions were there made. First: That the decree of the Court of Chancery had been procured by fraud, the allegation of the bill in that regard being:

"The said decree of the New Jersey court was obtained by and based upon false, misleading, and perjured testimony on the part of the defendants, in that the said defendants testified upon the trial that the moneys advanced by the defendant Mae D. Schroeder to the defendant George J. Schroeder were advanced to the partnership, and as a loan to the partnership; whereas, as a matter of fact, and as has been developed since the affirmance by the Court of Errors and Appeals of the state of New Jersey, the said George J. Schroeder has heretofore admitted that the said advance by the said Mae D. Schroeder to him were personal loans, and not loans to the partnership, and in that the said Mae D. Schroeder testified upon the trial that she had received no moneys from her husband or from the partnership, but as a matter of fact, as has been developed since the decision of the Court of Errors and Appeals of the state of New Jersey, that the said Mae D. Schroeder received moneys in the sum of five thousand five hundred ($5,500) dollars from her husband, which he has fraudulently abstracted from the firm assets of Schroeder & Rogers, and which were firm moneys, and that as against any amount which the said Mae D. Schroeder claimed, and was entitled to, from any amount allowed to her."

[1] The second contention was: That the decrees of the Court of Chancery and of the Court of Errors and Appeals were illegal and void, because the Court of Chancery did not give full faith and credit to a decree of the Supreme Court of New York in the receivership, which adjudged the assignment to Mrs. Schroeder was void. By the opinion of the court below, quoted in the margin,[1] it will be seen that the judge

---

[1] "George H. Engelhard, as receiver of Schroeder & Rogers, filed in this court a bill which, in so far as material, alleges that Messrs. Schroeder & Rogers were associated as copartners in conducting a business in the city of New York, the partnership expiring by its terms December 1, 1917. The principal assets of the partnership were book accounts of the approximate value of $20,000, certain of which were assigned on or about January 5, 1918, by the defendant, George J. Schroeder, to his wife, Mae D. Schroeder, for the purpose, as claimed, of securing loans and advances said to have been made by her to the partnership, and further alleges that the assignment was fraudulent, and was made solely for the purpose of hindering and delaying creditors of the partnership.

"The bill sets forth the institution of proceedings in the Supreme Court of the state of New York for the dissolution of the partnership, the appointment of the complainant herein as temporary receiver, and the institution by him, under order of the New York court, in the court of chancery of this state, of a suit against George J. Schroeder and Mae D. Schroeder for the purpose of setting aside the assignment of the book accounts referred to. A final decree in the New York action was entered November 3, 1918. In this decree the assignment to Mae D. Schroeder was declared void. She was not, however, a party to that proceedings. On August 13, 1920, a final decree was entered in the Court of Chancery, wherein it was decreed that the assignment to Mae D. Schroeder was not void, that she was a creditor of the partnership in

held that Mrs. Schroeder, not being a party or heard in the case in the Supreme Court of New York, was not concluded by its decree, and that "the courts of New Jersey are not bound to give full faith and credit to the doings of a New York court, where persons said to be bound by such doings were not before the court." We agree with the court in holding that this judgment in the Supreme Court of New York did not conclude Mrs. Schroeder, and therefore, whatever the effect of that judgment might have been, if received in evidence, it had no evidential effect of any nature whatever in the case against Mrs. Schroeder in the Chancery Court of New Jersey. In other words, there was no judgment of the New York case against Mrs. Schroeder, to which any effect against her could be given in the case in New Jersey. Indeed, the very purpose of the New York court in directing its receiver to sue Mrs. Schroeder in the New Jersey court was to enable the latter court to enter against her a decree which the New York court could not do by reason of its not having obtained jurisdiction over her.

[2] As to the other ground advanced, namely, that the decree of the Court of Chancery of New Jersey had been procured by fraud, it is to be observed that the allegations of the bill simply present a case of after-discovered evidence, which, for aught that appears in the bill, might have led the Court of Chancery to enter a different decree. In that respect the judge below said:

"Such allegations furnish no basis for the intervention of this court. If the Court of Chancery has been imposed upon, it has power over its decrees."

[3] Without entering upon a discussion of the ways and means open to the plaintiff, to make a timely application to the Court of Chancery, to open up its decree, we must assume, in the absence of any statement in the bill of the date when the new evidence came to the knowledge of the plaintiff, and to the further fact that he does not aver or now claim that he had no form of relief in the New Jersey courts, that he might have sought relief in such courts. And we are further justi-

the sum of $9,000, and entitled to a lien on the accounts receivable and the moneys collected thereon to the extent of the amount of her claim against the said partnership.

"The bill states that the final decree of the Court of Chancery was affirmed by the Court of Errors and Appeals, which is the court of last resort in this state, on February 28, 1921. The bill then charges that the decree of the New Jersey court was obtained through false and misleading testimony on the part of the defendants at the trial, and charges that George J. Schroeder and Mae D. Schroeder conspired together falsely and fraudulently to misrepresent the facts to that court. The bill charges that the decision of the Court of Chancery of New Jersey and the Court of Errors and Appeals of this state are illegal, void, and of no effect, inasmuch as the Chancery Court did not give full faith and credit to the decree of the New York court, by which court the partnership property was being administered, and in which court the assignment to Mae D. Schroeder, not a party to the proceeding, was declared void.

"The bill prays that the defendants, George J. Schroeder and Mae D. Schroeder, account with respect to the accounts receivable of the firm of Schroeder & Rogers, and that they be restrained from collecting or obtaining the accounts and from enforcing the decree of the Chancery Court, and also that the decision of the Court of Chancery and Court of Errors and Appeals be declared void, illegal, and of no effect, and that the receiver appointed in the Chan-

fied in the conclusion that the filing of the bill in this court was not an effort to right a wrong irremediable in the courts of New Jersey, but rather the attempt of an unsuccessful suitor in one court to possibly obtain a more favorable result in another. When the receiver found it necessary to seek the aid of a court in New Jersey in order to serve process on Mrs. Schroeder, it was open to him to then invoke the jurisdiction of either the federal or state court. But, having chosen one of them, and having had an opportunity to bring before the selected

cery Court be directed to turn over all moneys received by him upon said accounts receivable to the plaintiff, or the receiver, if any, appointed by this court.

"It is to be noted that George H. Engelhard, as receiver of Schroeder & Rogers, filed a bill in the Court of Chancery of New Jersey against Mae D. Schroeder, a resident of this state. Annexed to the bill filed in the Court of Chancery of New Jersey is the order appointing Mr. Engelhard as receiver. In the present bill he is referred to as temporary receiver, but in the order annexed to the bill in the Court of Chancery, which bears date the 17th day of January, 1918, and appears to have been entered in the Supreme Court of the state of New York, he is referred to as receiver, and appears to be appointed as such. In pursuance of an order of the New York court he appealed to the Court of Chancery of New Jersey, that court having jurisdiction over Mae D. Schroeder, for the express and avowed purpose of having the assignment of the book accounts referred to in the present suit declared void. The receiver in the New York action having instituted a suit in the Court of Chancery under the order of the court appointing him, and Mae D. Schroeder having appeared in that action and answered the bill of complaint exhibited against her, and having counterclaimed against the complainant, as receiver of the firm of Schroeder & Rogers, for moneys advanced by her to the firm, and the receiver having answered the counterclaim, the case was put at issue, and, having been disposed of by the Court of Chancery, a court having jurisdiction of the parties, there is no reason why the receiver, not having succeeded in that action either in chancery or on appeal to the Court of Appeals, should now seek to have the same issue tried here. In so far as this court is concerned, the matter is clearly res adjudicata.

"But it is said that the decree of the Court of Chancery is not in accord with the decree of the Supreme Court of the state of New York, but admittedly the Supreme Court of the state of New York had no jurisdiction of the defendant Mae D. Schroeder, a resident of this state; otherwise, it would not have been necessary for the receiver to have instituted his action in the Court of Chancery or to have declared void the assignment made by George J. Schroeder to Mae D. Schroeder; so the decree of the Court of New York, not having been made in an action wherein the parties were before the court, has no force and effect outside of that state, and was, of course, not binding upon the court of New Jersey. The courts of New Jersey are not bound to give full faith and credit to the doings of a New York court, where persons said to be bound by such doings were not before the court. Clearly, the full faith and credit provision of the Constitution requires this court to uphold the adjudication of the Court of Chancery in so far as it affects Mae D. Schroeder, who was a party defendant to the suit brought by the New York receiver. The New York court had admittedly no jurisdiction of Mae D. Schroeder, the owner of the book accounts. The Court of Chancery did have jurisdiction. The decree of the latter court was binding. The decree of the former court was not.

"The bill further seeks to have the New Jersey chancery proceedings set aside, for the alleged reason that the adjudication of that court was procured by fraud and perjury. Such allegations furnish no basis for the intervention of this court. If the Court of Chancery has been imposed upon, it has power over its decrees.

"The bill will be dismissed, with costs."

tribunal, either prior to its decree or in subsequent correction thereof, every contention he now seeks to make, not only is the decree of the chosen court res adjudicata, but the review, control, or enjoining by the federal court of the decree of the state court would be to create confusion, if not worse.

The jurisdiction of a federal court to declare a judgment void in cases where a party has had no hearing (Simon v. Southern etc., 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492), where the judgment is fraudulent (Johnson v. Waters, 111 U. S. 640, 4 Sup. Ct. 619, 28 L. Ed. 547), or an inequitable use is being made of it (Wells v. Taylor, 254 U. S. 175, 41 Sup. Ct. 93, 65 L. Ed. 205), is clear, but the present is not such a case.

The decree below, dismissing the bill, was not error. It is therefore affirmed.