Plaintiff proceeding by attachment against John C. Allen, Jr., a resident of Arkansas, sued for $1800, alleged damage to its truck by reason of its collision with defendant's Chrysler automobile. The specific acts of negligence charged were that defendant was driving his automobile at a speed of approximately forty miles an hour on his left side of the road and that he failed to keep a proper lookout or keep his car under proper control.
Defendant in his answer set up that the road, approaching from either side at the point of impact, bore ruts in the ice, sleet, and snow that then covered the road; and two ruts were parallel to and an equal distance from the center line of the highway of a thickness of five inches in ice, sleet, and snow; that he was driving in the ruts when the plaintiff's truck, traveling at the rate of 35 to 40 miles an hour came around the curve from the opposite direction and in the same two ruts; that the accident occurred by reason of the negligence of plaintiff's driver in proceeding at 35 to 40 miles an hour on an icy road; in driving the truck over the center line and partly on its left side; in operating the truck while the windshield was covered with ice; in failing to keep a proper lookout and to keep the truck under control and in failing to withdraw to his right side of the road prior to the collision.
In the alternative, he pleaded that should the court find that defendant was guilty of negligence, the negligence of plaintiff's driver was a contributing cause of the accident. In the further alternative, he pleaded that in the event the court should find both himself and the driver of plaintiff's truck negligent, that the driver of plaintiff's truck had the last clear chance of avoiding the accident, in that if the windshield of the truck had not been covered by ice, sleet, etc., he could have withdrawn to his right side of the road and stopped prior to the collision.
The district court found both parties were negligent and gave judgment rejecting plaintiff's demands and fixed the fee of the curator at $50, taxing same as part of the costs which were cast upon plaintiff. Plaintiff appealed. The curator answered the appeal, requesting that his fee as curator be raised and that otherwise the judgment of the district court be affirmed.
The accident occurred about 4:30 p.m. on December 31, 1946, at a curve in a black top road which at the time was covered with sleet and ice. A freezing mist was falling causing ice to become caked on the windshields of automobiles.
Mr. J.M. Hill, a disinterested witness who was in the first car which reached the scene of the accident, testified that he had stopped on the side of the road about 200 yards before he got to the scene of the wreck for the purpose of scraping ice off the windshield of his car; that plaintiff's truck came by him at a speed of 40 miles an hour; that he was close enough to the wreck when it happened to have seen it had it not been for the curve; that he came to the scene immediately after the accident happened and found that while the front end of plaintiff's truck was on its side of the road (where the broken glass, etc., was left), the left back dual wheels were at least 2 1/2 feet over the center and on the truck's wrong side of the road. It is likely *Page 247 
that the truck was in the center of the road when it came around the curve and when the driver saw defendant's automobile approaching, he turned to the right and was in the process of getting the truck on his own side of the road when the defendant's automobile, astraddle of the center line, struck the truck's left front wheel.
[1] At all events, the evidence is clear that each vehicle was in part on the wrong side of the center line of the road at the moment of impact and both parties were negligent under the driving conditions existing at the time. The defendant was approaching the curve at a speed of 20 to 25 miles an hour while astraddle of the center line of the highway and in deep icy ruts which prevented his turning out to his right side of the road in time to avoid the accident. The plaintiff's truck driver was negligent in that he was driving in icy ruts at a speed of 35 to 40 miles an hour and likewise over the center line of the highway, as he rounded the curve in the road at the point of the accident.
[2] We agree with the district judge that in view of the fact that the fee of the curator is being taxed as costs against the plaintiff, a proper award would be the minimum fee of $50. We will allow an additional $25 for services of the curator on appeal.
The judgment appealed from is amended by increasing the fee allowed the curator from $50 to $75, and, as amended, it is affirmed; costs of the appeal to be paid by plaintiff.