PONDER, Justice.
This is an appeal from a judgment maintaining exceptions of no right and no cause of action and a plea of res adjudicata. An appeal was also taken by the curator ad hoc (representing one of the absent heirs) to the judgment of the district court fixing his fee and taxing it as costs to be paid by Mrs. Edna Reynolds Reese and the Reynolds’ heirs who are joined in their claim with Mrs. Reese.
This controversy has been before this court on two prior occasions. See Succession of Reynolds, 224 La. 975, 71 So.2d 537 and Succession of Reynolds, 228 La. 640, 83 So.2d 885. In the first of these suits, five collateral heirs sought to have a probated olographic will declared a nullity on the ground that its date was uncertain in that the will was originally dated August 3, 1945, and the decedent had written, by superimposition, the numeral 8, over the numeral 5 of the year, without obliterating the numeral 5. This court held therein that the will was not invalid because of want of certainty of date. In the second suit, the allegation was made that the decision of this court (decided on February 15, 1954) held that the correct date of the will was August 3, 1945, that there were two wills bearing this date each having a revoking clause and hence it was contended that decedent died intestate. This court reiterated and reaffirmed the probate of the will and specifically held that the date of the will was August 3', 1948, hence the judgment sustaining the exception of no cause of action and dismissing plaintiffs’ suit was *413 affirmed. On application for rehearing, plaintiffs alleged that the date of August 3, 1948 was a false, inexact and incorrect date, as evidenced by the fact that decedent was not in New Orleans on that date but was attending Temple University in Pennsylvania from June 28 until August 6, 1948. It was alleged that this evidence did not come to plaintiffs’ knowledge until November 17, 1955. Judgment was rendered on November 7, 1955. This application for rehearing was refused by this court on December 12, 1955.
On January 4, 1956, the Reynolds’ heirs instituted the present suit alleging that the date of August 3, 1948 at the top of page 1 of the probated will is a false, inexact and incorrect date and is, therefore, no date at all because decedent was attending Temple University in Pennsylvania from June 28, 1948, until August 6, 1948 and the probated will was locked in the safety deposit box of the defendant Frank B. Wood during that period and it was, therefore, physically impossible for the decedent to have dated the probated will “August 3, 1948”. Plaintiffs allege that there is another will dated August 3, 1945 and that both wills contain the clause “revoking all others” and if both bear the same date they make each other impossible of execution and the decedent, therefore, died intestate.
To this petition exceptions of no right of action, no cause of action and a plea of res adjudicata were filed and maintained by the district court and the plaintiffs and the curator have appealed.
It is contended by the defendants to the suit and the curator that the plea of res •adjudicata is well founded and should be maintained.
An exhaustive discussion of the plea of res adjudicata is to be found in the case of Quarles v. Lewis, 226 La. 76, 75 So.2d 14, wherein this court reviewed the jurisprudence on the subject. It was therein pointed out that under Article 2286 of the LSA-Civil Code the authority of the thing adjudged takes place only with respect to the object of the judgment.
In the present case the object of .the judgment in all of the -suits brought herein was to establish the invalidity or validity of the will in question. It is interesting to note that in the first and second suits brought by the Reynolds’ heirs they alleged that the will in question was uncertain- in date and this is the'same allegation in the present suit except that the reason for the “inexact” date is different, viz., that testatrix was not present in Louisiana at the time it was made (August 3, 1948).
In the case of Heirs of Hoover v. York, 35 La.Ann. 573, a suit was first brought by the heirs at law against the universal legatee to annul the will on numerous, grounds and, after the court adjudged the will to *415 be valid, the heirs brought suit against the executors of the will praying, among other things, that the will be declared a nullity on substantially the same grounds. In upholding a plea of res adjudicata in the second suit, the court pointed out that in both suits it was demanded that the will be decreed a nullity and, although the grounds may be a little different (although substantially the same), it is the prayer of the petition in both suits that is controlling. It is stated therein, see page 577 of 35 La. Ann.:
“It is obvious that the rights of the parties, or their respective claims to be determined in both suits, were dependent solely upon the validity or invalidity of the will in question. That was the main issue in both cases. In the first suit by the heirs for the recovery of the estate, the court was not only competent to pass on this question of the validity vel non of the will, but was compelled to do so, in order to determine whether the estate should go to those seeking to recover it or remain in the possession of those holding, possessing and claiming it under the will. This all important issue, this pivotal question, the court of the highest resort did decide in the former suit. That judgment, whether it commends itself to our approval or not, was the judgment of a competent court having complete jurisdiction over the subject matter determined, and that judgment upon this issue was adverse to the plaintiffs in that case.”
In the case of Hollingshead v. Sturges, 16 La.Ann. 334, at page 335, it was said: “The object of probating a will is to procure its execution; and, when a judgment of homologation is obtained contradictorily with proper parties, the judgment as between them will bar a subsequent action in nullity.”
We note that in Succession of Pujol v. Manning, 221 La. 466, 59 So.2d 456, although the court refused to invalidate a will which was attacked as being a forgery on the ground that the decedent could not write, read nor sign his name on the date the i - strument was confected, in a per curiam written on application for rehearing it was pointed out that the parties may litigate in new proceedings under proper allegations the contention urged on application for rehearing that the testator did not have the testamentary capacity, since he could not understand the import of the words he had written. However, an examination of this decision gives no assurance that the new suit would not be met successfully with a plea of res adjudicata.
It is urged in the suit under consideration that the information upon which appellants are relying was available to them at the *417 time the first suit was tried and evidence was there introduced to the effect that the testatrix was attending Temple University on August 3, 1948 and that, therefore, the present suit is without merit.
. It would be untenable to hold that a party could bring suit to invalidate a will on certain grounds then when unsuccessful institute another suit with the same object, viz., invalidity of the will, on other grounds, particularly when those grounds and the basis for same existed to the knowledge of the party at the time the first suit was brought. If it were not so it would be useless for a court to hold a will valid and order it probated if it were again subject to attack by the same parties.
We are not impressed with appellants’ argument that the information upon which they rely as the basis for their contention was not available to them previously. In the first suit it was contended by them that the will was dated in 1945 and evidence in support of that contention was introduced to show that the testatrix could not have dated it in 1948 because she was attending Temple University during that time in 1948. The test of res adjudicata, as set out in Article 2286, LSA-C.C., is met herein and we accordingly hold that the plea is good and was properly maintained by the district court.
The only other question for consideration is the payment of the curator’s fee. The district court taxed the fee of the curator, appointed to represent Frank J. Wood, as costs. The curator answered the appeal taken by the Reynolds’ heirs asking that his fee be taxed against the succession or in the alternative that the judgment in this respect be affirmed. The appellee, testamentary executor, contends that the appellants provoked the appointment of the curator ad hoc when all of the testimony in the record of the first suit proved conclusively that Frank J. Wood predeceased the testatrix and this was admitted by all parties and that, therefore, they should pay this fee as costs.
In a brief filed in this court, the curator cites the cases holding that the fees of the curator for absent parties should be taxed as costs and paid by the party procuring his appointment in the event same is not obtainable from the party whom he represents in his capacity as curator ad hoc. See Desoto Wholesale Grocery Co., Inc., v. Allen, La.App., 31 So.2d 245; Rosenthal v. Rosenthal, 159 La. 933, 106 So. 385; Gentile v. Plasencia, 10 La.Ann. 203; Bowie v. Davis, 33 La.Ann. 345.
The district court correctly taxed the fee of the curator as costs to be paid by the Reynolds’ heirs.
*419 . For the reasons assigned, the judgment of the district court is affirmed at appellants’ cost.
HAMITER and SIMON, JJ., concur in the decree.