McCALEB, Justice
(concurring).
I subscribe to the holding that the Court of Appeal erred in sustaining the plea of res judicata as to the Federal Land Bank but I cannot agree that the plea of res judicata filed by the Rollinses should be upheld.
In the first suit plaintiffs demanded, inter alia, that the sale to the Rollinses be set aside and that the Federal Land Bank mortgage be reformed so as to exclude the subject property from the effects of the mortgage. Alternatively, plaintiffs prayed that the mortgage be reduced by the amount of $1,500, allegedly owed plaintiffs by the Rollinses. Plaintiffs did not pray in the first suit for judgment against the Rollinses for $2,625, the amount of the mortgage.
In the second suit, however, after praying that the sum of $314.04 (paid by plaintiffs into the registry of the court) be applied towards the extinguishment of the mortgage, plaintiffs further demanded that they have judgment against the Rollinses for $2,625, the amount of the mortgage. This demand, which was not for a reformation or cancellation of the mortgage but rather for a money judgment for the amount of the mortgage, was not made by plaintiffs in the first suit and I therefore feel that the Rollins’ plea of res judicata should not be sustained.
However, I concur in the result reached by the majority for the reason that plaintiffs have waived any claims against the Rollinses that might have been raised and decided in the first suit and, therefore, the exception of no cause of action pleaded by the Rollinses in the second suit should have been sustained. This theory, being one of judicial estoppel rather than res judicata, was specifically recognized by this Court in Quarles v. Lewis, 226 La. 76, 75 So.2d 14. See also my concurring opinion in Succession of Reynolds, 231 La. 410, 91 So.2d 584.