**Mrs. Mary St. Tammany O'Connor McCARTHY, Appellant,**

v.

**Frank B. WOOD, Appellee.**

No. 16617.

United States Court of Appeals
Fifth Circuit.

June 24, 1957.

Rehearing Denied Aug. 5, 1957.

854

Thomas Barr, III, New Orleans, La., for appellant.

Charles E. Richards, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging that a judgment entered in the Civil District Court for the Parish of Orleans, Louisiana, on December 11, 1956, confirming the probate of the last will and testament of Lillian Bell Reynolds, deceased, was secured by fraud and ill practices, plaintiff in a lengthy prayer[1] sought a decree declaring it a nullity.

The defendant moved to dismiss the action on five asserted grounds,[2] attaching to the motion a certified copy of a decision of the Supreme Court of Louisiana, In Succession of Reynolds, 231 La. 410, 91 So.2d 584, affirming on the grounds of res judicata the judgment here under attack.

The district court, granting the motion, entered a judgment rejecting the demand of plaintiff and dismissing her suit with costs, and plaintiff appealed.

Here upon a single specification of error, that the court erred in granting the motion to dismiss on the ground that it lacks jurisdiction of the controversy, and presenting this as the single question for review, appellant urges upon us that, under settled law,[3] the district court had jurisdiction of the complaint, and its dismissal on that ground was error.

1. "Wherefore, plaintiff demands judgment against defendant Frank B. Wood, decreeing the judgment of December 11, 1956, in proceedings Number 311-247 of the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, to be a nullity, and that the 'probated will' of the decedent Lillian Bell Reynolds, bears only one correct date, that of August 3, 1945, and that it and 'Wood No. 3' also dated August 3, 1945, are incompatible, contrary to and entirely different from each other, and therefore impossible of execution, and that they revoke 'Wood No. 4', dated August 12, 1944, and 'Wood No. 5' dated July 30, 1940, and therefore the decedent's estate should be distributed as in intestacy; that he be permanently restrained and enjoined from executing the judgment of December 11, 1956."

2. These were: (1) for failure of the complaint to state a claim; (2) for want of jurisdiction because the subject matter is one purely of probate proceedings cognizable in the state courts; (3) for want of indispensable parties, the legatees named in the will; (4) the failure of the plaintiff to file bond and costs; and (5) res judicata, because the plaintiff in this action was one of the parties plaintiff in three separate actions filed in the probate proceedings in the Civil District Court for the Parish of Orleans, State of Louisiana, all seeking the declaration of nullity of the will sought to be attacked in this present action, all three of said actions having been decided adversely to plaintiff and her co-plaintiffs in final decisions of the Supreme Court of Louisiana; and plaintiff on one occasion during the nearly five years of litigation having joined her co-plaintiffs in an unsuccessful petition to the Supreme Court of the United States for a writ of certiorari to the Supreme Court of Louisiana.

3. Gaines v. Fuentes, 92 U.S. 10, 23 L. Ed. 524; Waterman v. Canel Louisiana Bank & Trust Co., 1909, 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; Sutton v. English, 1918, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664; Fakouri v. Cadais, 5 Cir., 1945, 147 F.2d 667; Sullivan v. Title Guaranty & Trust Co., 2 Cir., 1948, 167 F.2d 393.

Appellee vigorously controverting appellant's claim that the only question involved in this appeal is whether the district court had jurisdiction, points to the fact that the order granting the motion and the judgment of dismissal entered did not dismiss the cause for want of parties or of jurisdiction, but dismissed it on its merits. So pointing, he urges upon us that the suit should have been and was correctly dismissed on the ground of res judicata, the fifth ground of the motion, and must be affirmed.

A reading of the opinion of the Supreme Court of Louisiana leaves no room for doubt that this is so and that this suit presents nothing either more or less than an effort of a litigant who is dissatisfied with the decisions of the state courts to retry in the federal court issues decided against him in those courts not only once but several times. It is settled law[4] that he cannot do this. The judgment was right. It is affirmed.

---

4. Engelhard v. Schroeder, 3 Cir., 278 F. 341, affirmed 258 U.S. 610, 42 S.Ct. 382, 66 L.Ed. 789; Hudson v. Lewis, 5 Cir., 188 F.2d 679.