BREAUX, J.
Plaintiff’s action, brought on the 15th of April, 1902, is petitory, to be recognized as the owner of the S. W. % of section 20, township 10 S., of range 5 E.
Defendant the Southern Cypress Company is the vendee of the Maurepas Land & Lumber Company, and owns only such title as its vendor had. Plaintiff says that he had improved and cultivated this land under the terms of, and as required by, Act No. 21, p. 31, of 1880, with the intention of acquiring it from the state of Louisiana.
1-Ie had, by his action and exertion, obtained the right to become the owner over all other persons. He had a full right of preemption, to be exercised under the general laws of the state, or under the provisions of Special Act No. 104, p. 243, of 1871. Section 3, p. 31, Act No. 21, of 1886, provides that, after the declaration required, the one intending to become the owner was entitled to notice- of adverse proceedings thereafter in the register’s office regarding the land, and that no adverse right could be granted by the state to any one else.
We are informed by the pleadings that on February 21, 1889, plaintiff placed his declaration of record in the land office, as required by section 3, p. 31, of Act No. 21 of 1886, and that he complied with the- requirements of the statute.
Defendant the Southern Cypress Company pleaded res judicata- upon the ground alleged; that the said Maurepas Company had instituted suit in February, 1896, against plaintiff, Lindquist,. and others, claiming ownership of the section in which the quarter section claimed by plaintiff is situated, and setting up title by purchase from the board of commission of the Pontchartrain levee district. This land had originally inured to the state from the general government under the swamp-land grants of 1849 and 1850, being swamp lands.
Plaintiff, the Maurepas Company, in the former suit, claimed that at the time of its purchase the property had passed to the Pontchartrain levee board (its vendor) by virtue of Act No. 95, p. 99, of the General Assembly, approved July 8, 1890. Plaintiff in that suit, which is numbered 976 of the district court of the parish of Ascension, in which parish the land is situated, charged the defendant with having entered into possession, and with having wantonly and maliciously cut down cypress trees, and that he refused to surrender possession to plaintiff.
Plaintiff in that case obtained a writ of sequestration for seizure of the staves cut by defendant on the land, and for an injunction restraining him from recovering the trees. The record in this suit shows that defendant in that case, who is plaintiff here, a resident of the parish of Orleans, filed a motion to set aside the writ of sequestration and injunction which had been issued in the cause, and alleged therein that the land was not the property of plaintiff, the Maurepas Company.
The defendant in suit instituted in Ascension, where the land is situated, does not *1033 appear at any time to have filed an answer to plaintiff’s demand. A default was taken, and a short note on the minutes of the court shows that a default was entered. The defendant did not appear and defend the suit, although he appeared by way of motion to set aside plaintiff’s conservatory writ in suit 976, and in the motion alleged that the Maurepas Company was not the owner of the land.
A judgment was rendered, as appears of record, on the 21st day of May, 1886. This judgment was pleaded as res judicata.
Plaintiff in the case before us for decision did not, in his pleadings in suit 976, attack the judgment invoked by plaintiff as res judicata on the ground that it had not been preceded by proper default, and that there was no showing in the minutes that a judgment had been rendered — one of the grounds of attack here in argument.
The other attack of plaintiff here, which comes up regularly enough, by way of replication, although not expressly pleaded, to the plea of res judicata, sets forth, in substance, that defendant can question the binding effect of the judgment pleaded as res judicata, although defendant in the original suit failed to fully allege his right in that suit, and failed to introduce all his evidence in defense.
Taking up the issues in their order for decision, we return to the minutes and the insufficient entries. We will say at the outset that they were not kept as they should have been. Ordinarily a careful, painstaking minute clerk would have avoided the oversight committed.
This asserted irregularity consists in the fact that on the 5th of May the officer in charge made entry in the minutes that a default was entered in accordance with the court’s order. His entry was made after mention on the minutes of the title of the case.
On the 22d following, the minutes show that the court was opened, and, after again setting forth the title, show: “Eor a copy of the judgment see page No. 17.” We presume that the judgment referred to is the judgment which the court pronounced on the 22d of May. But the question arises whether this entry in the minutes is sufficient, after judgment, to .have it declared absolutely null and void. In answer, we must say that the judgment is not a nullity. ■
The court had jurisdiction. The defendant was regularly cited. This court, considering a question regarding a default, said through Mr. Justice Martin:
“If a defect in the proceedings, occasioned by the want of appearance or a judgment by default, entitle the appellant to relief at our hands, he should have sought it by an appeal.” Seymour v. Cooley, 9 La. 79. See, also, Brewing Association v. McGowan, 49 La. Ann. 630, 21 South. 766.
In stating the pleadings, we have mentioned that plaintiff seeks to avoid the force of res judicata by the plea that the issues now tendered were not heard in the first suit. This point is based upon the fact that plaintiff here, and defendant in the former suit, did not set up his title in the former suit to the land he claims here. Whatever were his rights, he owned them at the time the first suit was brought. Both parties traced their rights to the state, and it should have suggested itself to the defendant that he must allege this asserted right, and prove its validity, in order to remain in possession as owner. He did nothing of the sort, but accepted the situation — offered no defense whatever — while practice required him to urge all his defenses.
True, in order to constitute the thing adjudged, “the thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.” Civ. Code, art. 2286.
(June 6, 1904.)
We think this judgment falls within the terms of this article. The thing demanded is the same, and the grounds urged, or which should have been urged. The judgment was petitory, and the title was at issue.
We take it that the principal effect of a judgment is to bring the dispute between the parties to an end, and that the judgment is final, except for such cause as it may be subject to attack. Not one of the causes laid down as good ground of attack covers the failure to invoke one’s title, although called upon by the proceedings to set up title.
The finality of the judgment rendered in the parish of Ascension is not questioned. The defendant, under the issues, had every opportunity, in order to maintain his possession, in an action in which plaintiff claimed ownership, to plead and show that he had a superior right to possession and title to the property. This he failed to do, as we have seen. He neglected to plead whatever right he had. He cannot now sue defendant thereon.
In an action in which plaintiff claims Ownership, and the recognition of his title as owner, and to be placed in possession as owner — in other words, in a petitory action — the defendant cannot escape the effect of res judicata by neglecting or declining to set up the right he claims.
The question was thoroughly considered in Howcott v. Pettit, 106 La. 530, 31 South. 61, and a conclusion was announced similar to that we now state.
We cannot convince ourselves that a judgment is not res judicata because defendant has not pleaded a right he claims, which the issues plainly indicated he should have pleaded if he desired to defeat the petitory action brought against him.
The decisions of this court, as we read them, do not sustain the conclusion for which plaintiff contends.
For reasons assigned, the judgment appealed from is affirmed.