repeatedly decided that continuous, nonapparent servitudes are to be established by title only. Torres v. Falgoust, 37 La. Ann. 497; Morgan v. Lombard, 26 La. Ann. 462, interpreting article 766 of the Civil Code.

In Lawson v. Waterworks, 111 La. 83, 35 South. 390, the court said the right of passage is a discontinuous servitude. Whether apparent or nonapparent, it can be established only by title of some kind. Even "immemorial possession," is the expression of the court, is not sufficient. Civil Code, art. 766.

There are a number of decisions referred to upon the subject in the case above cited.

Now as to the French authorities upon the subject, to which some reference has been made by plaintiff's counsel, we will begin by stating that the laws regarding servitude in France are in some respects considerably different from those in this country, as, for instance, streets and routes in France are the property of the state, and abandoned routes are the property of the state. 6 Laurent, § 28.

In this state abandoned routes return to the owner. Hatch v. Arnault, 3 La. Ann. 487; Civil Code, art. 658.

The right of servitude is in the public, but the dormant ownership is in the owner of the adjacent land.

Baudry-Lacantinerie, another French writer, refers to a title of some kind as giving the right. It is expressly stated as relates to servitude that articles 689 and 691 of the French Code have application. Our article upon the subject (article 728 of our Civil Code) is a reproduction of the French Code.

There are no decisions in France holding that a prescriptive title can be acquired without deed or some form of title. No particular form is required. There must be a departure or some kind of title for the prescription to run.

As relates to the lot, defendant's author measured all of the land to the extreme northwestern line, and left nothing for a right of way. He sold the land to that line. Witnesses have not shown that the street wherever it runs has been in use of the public thirty years. It follows that the city of Shreveport never was in legal possession.

It is therefore ordered, adjudged, and decreed that our judgment heretofore handed down in this case be recalled, avoided, annulled, and reversed. It is further ordered, adjudged and decreed that the judgment of the district court appealed from is reinstated and made the judgment of this court, and affirmed as its judgment. The costs of appeal to be paid by the city of Shreveport.

PROVOSTY, J., concurs in the decree.

LAND, J., dissents.

---

(60 South. 1025.)

No. 19,354.

SAMAHA v. SAIK.

(Feb. 17, 1913.)

*(Syllabus by Editorial Staff.)*

APPEAL AND ERROR (§ 1106*)—REMAND WITHOUT DECISION—DETERMINATION OF ISSUES.

Where defendant, against whom judgment was rendered, petitions on appeal that he has purchased, at execution sale against plaintiff, all the plaintiff's right, title, and interest in the suit, to which plaintiff answered orally that the seizure and sale had been enjoined, and that the injunction suit was still pending, the cause will be remanded for a hearing to determine such fact; the Supreme Court not having original jurisdiction in the premises.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4386–4398; Dec. Dig. § 1106.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Rajah Samaha against Nahoom Saik. Judgment for plaintiff, and defendant appeals. Defendant having filed a petition representing that he has become the owner of plaintiff's right, title, and interest in the suit, the action is remanded to determine that fact.

James J. McLoughlin, of New Orleans, for appellant. Foster, Milling, Brian & Saal, of New Orleans, for appellee.

LAND, J. Plaintiff sued for damages for false imprisonment, and on the second trial of the cause obtained judgment for $1,000, from which defendant has appealed.

The defendant and appellant has filed in this court a petition representing that, since the taking of the appeal herein, he has become the owner by purchase at sheriff's sale of all the right, title, and interest of the plaintiff in this suit, as shown by procès verbal of the civil sheriff of the parish of Orleans, annexed to the petition. The transcript of appeal shows a notice from the sheriff to the clerk of the civil district court that said official, by virtue of a writ of fieri facias, issued in the suit of Saheed Nami v. Rajah Samaha, had seized all the right, title, and interest of the plaintiff in this suit. Counsel for plaintiff and appellee stated at the bar that the seizure and sale of their client's interest in this suit had been enjoined, and that the injunction suit is still pending. As this court has no original jurisdiction in the premises, it is necessary to remand the case.

It is therefore ordered that this cause be remanded to the court below for the sole purpose of hearing and determining on rule whether the defendant has become the owner of all the right, title, and interest of the plaintiff in this suit.