HARDY, Judge.
This is a petitory action in which plaintiffs, husband and wife, pray for judgment recognizing them as owners entitled to possession of a certain described lot of land located in Bienville Parish, embracing approximately one-quarter of an acre. Plaintiffs further prayed for a money judgment in the nature of damages. The defendants originally named were E. E. Jones, who also claims ownership of the tract, and D. R. Cummings, lessee of Jones. On exception Cummings was dismissed from the suit, the correctness of which action has been conceded on behalf of plaintiffs. After trial there was judgment in favor of defendant rejecting plaintiffs’ demands, from which plaintiffs have brought this appeal.
By way of preliminary pleadings several exceptions were filed on the part of defendant which, however, were overruled and which are not urged on appeal. Defendant also filed a plea of prescription of ten years acquirenda causa, which plea was also asserted in answer. Defendant further filed a plea of estoppel and pleas of prescription of thirty years and one year respectively. Plaintiffs filed a plea of prescription of ten years acquirenda causa, in support of their claims of title..
Testimony on trial of the case was not transcribed and a stipulation of the testimony in evidence was agreed upon by the attorneys for the parties litigant, approved by the district judge, and is included in the record.
■Neither party to this suit made any attempt to prove title either back to severance from the government or to a common ancestor. Plaintiffs set up chain of title ■beginning with an act of conveyance dated October 3, 1907. Plaintiffs’ immediate vendor was C. C. Beard, who executed a cash deed purporting to convey the property in dispute to the plaintiff wife, Mrs. Lillie Simmons, on date of January 14, 1949.
Defendant, in support of his claim of title, introduced in evidence deed to his father, W. J. Jones, Sr., from one J. D. White, dated November 8, 1939. Defendant asserts that he is one of the heirs of his deceased father and is in possession of the property as an owner of an undivided interest, and as agent and representative for his co-heirs.
The basis for the conclusion reached by the district judge, which we think to be correct, was expressed in the following words of his opinion:
“I am, therefore, of the opinion that the plaintiff has failed to establish title in himself or in the community of acquets and gains of which he is head and master by that preponderance of evidence which the law requires. Such being true, it is not necessary to discuss defendant’s title as his title is not at issue until plaintiff has proved an apparently valid title in himself.”
*665 It is well established that the plaintiff in a petitory action is required to make out his title and that he must recover on the strength of his own title and not on the weakness of his opponent’s claim; Code of Practice, arts. 43, 44; Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225, and cases cited. In other words, the burden of proof is upon a plaintiff to establish at least an apparently valid title before the title of defendant is put at issue, Curry v. Henry, La.App., 29 So.2d 808, and cases therein cited.
It therefore follows that it is necessary to first determine from the record whether plaintiff has made out an apparent title to the property in dispute. Among the acts of conveyance which are included in the record and upon which plaintiffs rely, are deeds from H. W. Wright to C. C. Beard, of date July 9, 1919, and deed from C. C. Beard to Mrs. Lillie Simmons acknowledged by Beard on January 14, 1949. It was established that C. C. Beard lived in a two-story house on the property for several months after his purchase thereof but did not live there after an undetermined date in 1920. Subsequently the house burned and was never rebuilt. One McCoy, who owned adjoining property, fenced the lot and used it as pasture. D. R. Cummings became the purchaser of the McCoy property and continued to use the lot with which we are here concerned. In 1946 Cummings rented the lot from defendant. There was no evidence as to any claim of ownership on the part of McCoy during his possession nor of the exercise of his possession in support of a claim by any other person. It does not appear that there has been any possession of the property by Beard since 1921 or thereabout. There has never been any possession of the lot exercised ;by plaintiffs.
We proceed to a consideration of the several pleas of prescription. It ap-pears from brief of counsel for plaintiffs that only the prescription of ten years is now urged in support of plaintiffs’ claims of title. We think of pleas of one and thirty years prescription were 'untenable and correctly have been abandoned. The argument advanced by learned counsel we think is based upon an erroneous understanding of the established facts, for he contends that Beard was in actual possession of the property under a deed transla-tive of title from the time of his purchase in 1919 until 1946. Counsel further urges that the property was possessed by parties not claiming as owners; there was no adverse possession under evidence of title in good faith for a period of more than ten years, and as a consequence that Beard and his successors in title have established a good and valid title to the property by prescription. As we have observed this argument must fall because the asserted facts which are the premise therefor, are not borne out and substantiated by the record. On the contrary the evidence, the stipulation of testimony, and the recitals in the opinion of the trial judge conclusively established the fact that Beard, exercised actual possession of the property for a very brief period of only some two or three years following his purchase thereof. In view of this fact it is quite obvious that plaintiffs have failed to establish that possession which is an essential element of prescriptive title.
We think the above discussion and the facts recited sufficiently' emphasizes plaintiffs’ failure to establish an apparently valid title, and under such circumstances, under the authorities cited supra, plaintiffs’ claims have failed and there is no need to examine the validity of defendant’s title.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.