FOURNET, Chief Justice.
 

 The plaintiff, Brown Land and Royalty Company, Inc., having lost in the federal courts
 
 [1]
 
 the converted petitory action wherein it sought to be decreed the owner of half of all the oil, gas, and other minerals in and under some 272 acres of land in Pointe Coupee Parish,
 
 [2]
 
 instituted this petitory action against the same parties involved in the federal suit
 
 [3]
 
 again seeking recognition as the owner of this identical mineral interest. It prosecutes this appeal from a judgment of the lower court dismissing its suit on a plea of res judicata and exceptions of no cause and no right of action.
 

 Counsel for appellant contends the plea of res judicata was improperly sustained by the trial judge since the first suit was predicated on the assertion that two instruments
 
 [4]
 
 executed by the Clark children were sufficient to either create in their mother title to the half of the minerals she subsequently conveyed to Clifford Brown,, plaintiff’s ancestor in title, or estop the Clark children from denying they had, whereas the instant
 
 *91
 
 suit is predicated upon the contention that Mrs. Clark’s deed to BroWn is valid against these heirs since they have tacitly accepted the succession of their mother and are, therefore, bound in law on the warranty contained in her deed to Brown that she was the owner of the minerals therein conveyed. This contention is bolstered by the argument that at the time of the institution of the original suit appellant was not aware of the tacit acceptance of Mrs. Clark’s succession by her children, reliance being placed on the statement in Gajan v. Patout & Burguieres, 135 La. 156, 65 So. 17, 25, to the effect that a party litigant is required to urge in a suit only the “title or defense (that) may be at his command
 
 or within his knowledge”.
 
 (Emphasis and bracket supplied.)
 

 Under the civil law as codified in our state, unlike the doctrine of the common law courts that hold res judicata includes not only everything pleaded in a cause but everything that might have been pleaded, “The authority of the thing adjudged takes place
 
 only
 
 with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be made between the same parties, and formed by them against each other in the same quality.” Article 2286 of the LSA-Civil Code. (Emphasis supplied.)
 

 But, like most rules, this is not without exception, and while there is confusion in our jurisprudence over the necessity for all-inclusive pleading in a given cause, due in large measure to reliance on. expressions contained in common law authorities, there is no confusion with respect to the application of the law with respect to the plea of res judicata in petitory actions, for our jurisprudence uniformly requires that parties litigant in a petitory action, whether plaintiff or defendant, set up whatever title or defense they may have or a judgment thereon will bar a second suit based on a right or claim which existed at the time of the first suit, even, though omitted therefrom. Shaffer v. Scuddy, 14 La.Ann. 575; Brigot’s Heirs v. Brigot, 49 La.Ann. 1428, 22 So. 641; Howcott v. Pettit, 106 La. 530, 31 So. 61; Lindquist v. Maurepas Land & Lumber Co., 112; La. 1030, 36 So. 843; Gajan v. Patout & Burguieres, 135 La. 156, 65 So. 17; Succession of Whitner, 165 La. 769, 116 So. 180; Hope v. Madison, 194 La. 337, 193 So. 666; Himel v. Connely, 195 La. 769, 197 So. 424; and Quarles v. Lewis, La., 75 So. 2d 14. See, also, the discussion of this, subject at 2 Louisiana Law Review 491.
 

 This exception is, of course, predicated on the necessity of insuring that there be some measure of stability in titles to realty, and also to prevent undue hardship and/or-fraud with respect to the rights of innocent
 
 *93
 
 third parties purchasing real rights on the strength of judicial pronouncements relative thereto, as well as to obviate a multiplicity of suits.
 

 An examination of the case of Gajan v. Patout & Burguieres, supra, reveals the underscored portion of the statement therefrom relied on by the appellant, as above pointed out, is dicta. However, even conceding it was not, the record in the instant case discloses that at the time the former suit was instituted in March of 1950, the succession of Mrs. Clark had been judicially opened,
 
 [5]
 
 that counsel for appellant was aware of that fact, and had, following full disclosure of requisite information upon which this issue could or should have been based during a conference with opposing counsel shortly after the institution of the suit, instigated a token investigation of the matter for the purpose of ascertaining whether Mrs. Clark’s children had in fact tacitly accepted her succession, although he made no attempt by supplemental petition to present this issue squarely to the court; further, although it is alleged in the petition in the instant case appellant did not actually know until January of 1953 that Mrs. Clark’s children had accepted her succession, in both the Circuit Court of Appeal for the Fifth Circuit of the United States, as well as in the United States Supreme Court, appellant, as early as the middle of 1952, urgently sought to have the case remanded for trial on the merits in order that it might discover through cross-examination whether there had been such an acceptance. This clearly demonstrates counsel had knowledge of or at his command the cause of action upon which the present suit is grounded.
 

 Inasmuch as an affirmance of the lower court’s judgment on the plea of res .judicata renders it unnecessary to consider the exceptions of no cause and no right of action, and is also conclusive of the arguments advanced for the cancellation of the mineral lease held by The Texas Company, it will be needless for us to discuss these issues.
 

 For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant. " " *’ '•
 

 [1]
 

 . Brown Land & Royalty Co., Inc. v. Green, 5 Cir., 198 F.2d 74; certiorari denied by the United States Supreme Court, 344 U.S. 913, 73 S.Ct. 335, 97 L.Ed. 704.
 

 [2]
 

 . The land is described as the N/2 of the NW/4 of Section 28, the SW/4 of Section 21, and that part of the SE/4 of Section 31 south of the land of Mrs. Rose Duckworth, all in T. 6 S., R. 8 W.
 

 [3]
 

 . These are the children and heirs of Calvin E. Clark, who in his separate name formerly owned the property affected by the mineral interest in controversy— Hattie 0. Pickett, Frances Clark Green, Florena Clark Thomas, Agnes Clark Worsham, and Toral E. and Samuel H.. Clark — and their mineral lessee, The Texas Company.
 

 [4]
 

 .One instrument is a 1922 act executed by the Clark children granting their mother the usufruct of the property inherited from their father,, and the other is a 1944 declaration of interests executed for the guidance of a mineral lessee in distributing royalty payments among the interested parties.
 

 [5]
 

 . The pleadings in the succession matter, which form a part of this record, disclose Mrs. Clark’s succession was accepted by her children, but with benefit of inventory. The appellant alleged these proceedings were a simulation and a sham and instituted by the heirs of Mrs. Olark to prevent appellant from- v. holding them under her warranty, since appellant believe they had, long prior thereto,
 
 tacitly
 
 accepted her succession and distributed among themselves the proceeds thereof. • •• .