PONDER, Justice.
In this suit the plaintiffs, Hazel Moore, a co-owner, joined in by her husband, are seeking a judicial partition by licitation of four lots in the Town of Minden and 203 acres of rural land. The eight defendants were co-owners in the four lots and four of them were co-owners in the rural land. The trial court appointed two experts to determine whether or not the property could be divided in kind. On trial of the. case, these experts and two other witnesses produced by the plaintiff testified that the property could not be divided in kind. The defendants offered no testimony to contradict this testimony. The lower court gave judgment ordering the property to be sold to effect a partition. Only one of the defendant co-owners, joined in by her husband, appealed.
Since the appeal was lodged in this Court, the appellant- has urged an exception of no right of action to the demand insofar as the partition of the rural land *1075 is concerned on the ground that the appellant has acquired plaintiffs’ interest in the 203 acres of land during the pendency of this appeal and that the case should be remanded in order that it may be shown that the plaintiff co-owner has divested herself of her right of action to demand a partition of the rural land and that the plaintiff’s right of action has merged in and is now owned by the appellant.
The appellant cites Samuels v. Parsons, 146 La. 262, 83 So. 548, for the proposition that the ownership of an interest in real property is a necessary prerequisite to maintain an action in partition. We agree with this pronouncement of the law but in this case when the suit was instituted and at the time the judgment was rendered the plaintiff owned an interest in all of the property and has not now departed with her interest in the proceeds derived from the sale of the town lots.
The appellant cites Samaha v. Saik, 132 La. 76, 60 So. 1025 and McMichael v. Thomas, 164 La. 233, 113 So. 828, in support of her contention. The Samaha case is not applicable because only two persons were involved therein, the plaintiff and the defendant, and the defendant purchased all of the plaintiff’s interest in the suit and the case was remanded to determine that fact. Certainly, if that fact was established, the suit should be dismissed. In the McMichael case there were only three parties involved, the-plaintiff, the defendant, and the intervenof. The court held that the suit should' be dismissed as to the plaintiff because the defendant had acquired by purchase-the plaintiff’s interest in the property in. dispute but refused to dismiss the appeal’ as to the intervenor.
It would appear, therefore, that the-cited cases do not involve a situation as. here presented and are not authority for the contention urged by the appellant. At. the time that the judgment, ordering the-sale to effect the partition, was rendered in this case, the plaintiff, Hazel Moore-was a co-owner in all of the property and. the interest of all of the parties in the proceeds to be derived from the sale were-fixed in the judgment ordering the sale-, to effect the partition.
No purpose could be gained by remanding the case for the reason that the other 'co-owners have not appealed and the judgment in respect to them is final and it would merely protract the litigation without affording the appellant co-owner the-relief sought. There was only one judgment rendered in the lower court which ordered the sale of all of the property to effect a partition and the acquisition of the-appellant co-owner of the interest of the plaintiff co-owner in only the rural land' after this judgment had been rendered and was on appeal in this Court merely entitled the appellant co-owner'to the plain *1077 tiff’s interest in the proceeds derived from the sale of that particular piece of prop•erty. Especially is this true since there is nothing in the record to indicate any •error in the judgment appealed from.
For the reasons assigned, the judgment .appealed from is affirmed at appellants’ iCOSt.