HAMITER, Justice.
In this action, which is a sequel to Succession of Reynolds, 224 La. 975, 71 So.2d 537 (No. 41289 on the docket of this Court and decided by us on February 15, 1954), the plaintiffs are appealing from a judgment dismissing their suit, the district court having sustained exceptions of no right and no cause of action and a plea of res judicata tendered by the defendants.
In the former case these plaintiffs, who are collateral heirs of Miss Lilian Bell Reynolds, deceased, attacked the probated olographic will of such decedent on the ground that its date was uncertain. For a cause of action therein they alleged: “The above mentioned purported last will and testament of the decedent is invalid as an olographic testament as a matter of form, because of the uncertainty, of its date; the said uncertainty of its date being the fact that the will was originally dated August 3, 1945, and the decedent has written, by superimposition, the numeral 8, over the numeral 5 of the year, without obliterating the numeral 5.”
Our written opinion in the previous proceeding described the attacked testament, on page 979 of 224 La., on page 538 of 71 So.2d, as follows: “Written in ink,-each of the four pages of the assailed will- is numbered at the top, all numbers being spelled out. In the upper right hand corner-of the first page appears ‘New Orleans,La.’, and immediately beneath that'notation is the date forming the basis of this attack * *
“Following the alleged uncertain date, and contained on the four pages of the probated document, are many paragraphs in which the testatrix declared her will and wishes, they including appointment of Frank B. Wood as testamentary executor *643 (so provided for on the first page), directing the sale of certain real and personal properties, making of numerous particular bequests, and naming the said Wood as residuary legatee. The last mentioned provision is found on the fourth or final page of the will, immediately preceding the concluding words: ‘This document has been written dated and signed by me on this third of August, one thousand nine hundred forty five Lilian Bell Reynolds.’ ”
Later, in the mentioned opinion, on page 983 of 224 La., on page 539 of 71 So.2d, we made the following observation: “A casual inspection of the will presently under consideration discloses that with respect to the criticized year date at the commencement of the first page the numeral 8 was written over the original last figure thereof. That numeral was heavily confected and perfectly formed with a color of ink not otherwise used on page one of the document; and it now appears outstanding and clear. In fact, plaintiffs allege, and the defendant executor conceded, the superimposition by decedent through the use of the numeral 8. They agree, too, that the date changed or overcharged was 1945, which very probably is correct in view of its occurring also at the conclusion of the will. However, the date originally placed at the top of page one is not readily apparent and cannot be definitely determined by mere inspection, for the last figure thereof is almost wholly covered and obliterated and the slight visible part remaining might well be considered as that of a 3 or a 9. * * *”
And we concluded in that case that since the date of the will intended by the testatrix was clearly and readily determinable there was no uncertainty of date as alleged by plaintiffs. Accordingly, the judgment of the district court was set aside (it had maintained the attack) and such suit was dismissed at plaintiffs’ costs.
The same plaintiffs have again attacked the mentioned probated will of Miss Reynolds. Their material allegations of the petition in the instant cause are that:
“The opinion and decree of the Supreme Court of Louisiana on February 15, 1954, which has now become final and been made the judgment of this Court, definitely establishes the date of the ‘probated will’ as August, 1945.
“The decedent also left a purported last will and testament dated August 3, 1945, which has been introduced in evidence, identified as being entirely written, dated and signed by the decedent, and marked for identification ‘Wood No. 3’.
* * * ‡ * *
“The said ‘probated will* and ‘Wood No. 3’ being each dated August 3, 1945, it is impossible to tell which is the later of the two, but each having revoking clauses, they do revoke each other and all prior wills.
*645 “The ‘probated will’, which is made a part of this petition as though copied herein in extenso, and ‘Wood No. 3’ are incompatible, contrary to each other, and entirely different in many respects from each other.
******
“That as pointed out above, the decedent died leaving two wills, each dated August 3, 1945, which are incompatible, contrary to each other and entirely different, and neither of which is susceptible of execution, and, therefore, petitioners, being decedent’s heirs in intestacy, should be called to her estate.”
As aforestated the district court dismissed this suit after sustaining exceptions of no right and no cause of action and a plea of res judicata.
In their brief to this court counsel for plaintiffs state: “* * * This cause of action is based on the fact that ‘Wood No. 3’ and the ‘probated will’ are each dated August 3, 1945, contain revoking clauses, are incompatible, contrary to and entirely different from each other, and are therefore impossible of execution. * * * ” And in oral argument such counsel conceded that this suit is without substance if the correct date of the probated will is August 3, 1948, rather than August 3, 1945 for which they now contend.
A fair and impartial examination of our entire opinion in the first case will disclose that therein our determination (which we now reiterate and reaffirm) was that the testatrix, by superimposition, changed her will with respect to its date, with the intention of confecting it as an instrument of 1948. Thus, in such opinion we described the assailed testament and the nature of plaintiffs’ attack (both descriptions above quoted) ; we recognized our jurisprudence to be that a surcharge made by a testator does not invalidate his will if the date intended can be readily determined; we observed that the numeral (an 8) used in making the surcharge in question was heavily confected, perfectly formed, and was outstanding and clear (the observation is quoted above); and then, in unmistakable language, we said: “* * * Therefore, it, must be concluded that the testatrix intended the assailed year date to be 1948.”
True, after announcing such conclusion, we pointed out that as a result of the superimposition Miss Reynold’s will contained two conflicting year dates — the 1948 at the top of page one and the 1945 on page four immediately preceding the signature. However, we ruled that the conflict did not render the instrument invalid for want of certainty in its date. In so ruling we relied on Love v. Dawkins, 222 La. 259, 62 So.2d 399, 401, from which we quoted numerous paragraphs, including the following: “But counsel refers us to no cases or authority, and we find none, in which sequence in dates is made the test to determine certainty of the date when a will contains more than one. Indeed, there is *647 authority in our jurisprudence to the effect that the law does not require that the date appear at any particular place in the body of the instrument. * * * ” Incidentally, the attacked will in the Love case (which was held to be valid) carried the conflicting dates of August 31, ,1946 at its commencement and August 30, 1946 at its end.
In now arguing that in the first case we established the date of the probated will as being August 3, 1945, counsel for plaintiffs direct attention to certain remarks in our opinion relating to the two middle pages of the will that were written by the testatrix on paper proved to have been manufactured in 1946. Those remarks were addressed to the then contention of plaintiffs that even if the superimposed figure (the numeral 8) was readily determinable the will was still of uncertain date by reason of the different and earlier date (1945) on the last page and of the further fact that the two inside pages (evidently rewritten) 'were undated and could not have been written prior to 1946. And by the language thus employed we were merely trying to express the thought that even if such two pages were rendered invalid as a result of their having been rewritten (the question of their invalidity was not raised or passed upon) the remainder of the will was not thereby destroyed. What we there said in no manner conflicted with our previously stated conclusion “that the testatrix intended the assailed year date to be 1948”. Furthermore, our specific reference to the 1946 manufacturing of some of the paper used in the will certainly militates against the present unwarranted interpretation by plaintiffs’ counsel of our former opinion. Interesting in this connection is a statement of such counsel, contained in their application for a rehearing in that case, reading: “ * * * It definitely could not be a will dated August 3, 1945, even if we used the date above the signature because of the existence of pages 2 and 3 written on paper not manufactured until 1946.” The same position was taken by them throughout the pendency of the first suit.
That we did not initially declare the correct date of the probated will to be August 3, 1945, and that the construction now being placed by plaintiffs’ counsel on our former opinion is obviously an afterthought, are demonstrated by counsel’s own allegations. In their application to this court for a rehearing they stated: “ * * * the opinion of Mr. Justice Hamiter finds as a fact that * * * the will is valid as of August 3, 1948. * * *” And in an application to the United States Supreme Court for a writ of certiorari they averred: “The Supreme Court of Louisiana, through Mr. Justice Hamiter, on February 15, 1954, reversed the judgment of Judge Stich and admitted the probated will to probate as a legal, valid, olographic will dated August 3, 1948. * * * ”
Nevertheless, we have again considered the will in question and we conclude, as previously, that although it may have been *649 drawn originally in 1945 the testatrix in- • tended to and did give her testament, by superimposition, the certain date of August 3, 1948. Consequently, by reason of the false premise on which the instant suit is based (that our former opinion established the date of the probated will as. August, 1945), plaintiffs have failed to state a cause of action. And this holding makes unnecessary a consideration of defendants’ exception of no right of action and plea of res judicata.
For the reasons assigned the judgment sustaining the exception of no cause of' action and dismissing plaintiffs’ suit is affirmed.