McCALEB, Justice
(concurring).
I agree that the plea of res judicata is well founded for not only is there an identity of demands and parties hut this suit is founded on the same cause of action as that set forth in the second suit. See Succession of Reynolds, 228 La. 640, 83 So.2d 885. As pointed out by the majority opinion, that suit, like this one, had for its obj ect the invalidity of the will dated August 3, 1948 on the basis that its correct date was August 3, 1945 and 'that, since there were two wills bearing that date, each having a revoking clause, the decedent died intestate. Thus, the cause of action there was for the nullity of the will on the ground that it had been revoked by another will bearing the same date. The identical cause of action is alleged in this suit, i.e., that the real date of the will is August 3, 1945 and that, therefore, it is null because it has been revoked by another will of the same date containing a revoking clause. The only change in the pleadings in this suit is that plaintiffs are now claiming that the Court was wrong in the first and second suits when it was decided that the date of the will was August 3, 1948, it now being contended that it was physically impossible for the testatrix to have dated the will August 3, 1948. Obviously, the cause of action is the same, the only difference being in the reason for the cause of action, plaintiff now offering to submit proof to show that our first and second judgments were wrong.
It is further stated in the main opinion that “It would be untenable to hold that a party could bring suit to invalidate a will on certain grounds then when unsuccessful institute another suit with the same object, viz., invalidity of the will, on other grounds, particularly when those grounds and the basis for same existed to the knowledge of the party at the time the first suit was brought”.
While I subscribe to this observation, I believe that it is apropos only in connection with the exception of no cause of action, which was also sustained below, as the failure to demand relief on a cause of action which could have been alleged does not bar, on the ground of res judicata, a second action for the same relief founded on that cause of action. See Quarles v. Lewis, 226 La. 76, 75 So.2d 14 and cases there cited. However, it was recognized in the Quarles case, in line with the decisions of Norton v. Crescent City Ice Mfg. Co., 178 La. 150, 150 So. 859 and P. Olivier & Sons v. Board of Com’rs, 181 La. 802, 160 So. 419, that such a second suit, while not *421 barred by res judicata, would be amenable to an exception of no cause of action or one of judicial estoppel since the failure of the plaintiff to assert a known claim would be considered a waiver of that claim,
I respectfully concur.