FOURNET, Chief Justice
(concurring in part and dissenting in part).
This case is before us on appeal by the plaintiffs-appellants for the third time; the first time we held that the probated will was not invalid for want of certainty of date;[1] the second time we affirmed the judgment of the lower court dismissing plaintiffs’ petition on the ground that it failed to state a cause of action;[2] and the present appeal is from a judgment of the district court maintaining a plea of res judicata based on the former judgments of this Court, as well as exceptions of no cause and no right of action and dismissing plaintiffs’ third attack on the validity of the same will. The basis of the present suit is that the date of August 3, 1948, is a false date and therefore no date at all because it was a physical impossibility for the decedent to have changed the date on the so-called “probated will” at that time; that the said will therefore bears only one correct date, that of August 3, 1945; that in as much as the decedent left another will, known as Wood No. 3, and “The ‘probated will’ and ‘Wood 'No. 3’ being each dated August 3, 1945, it is impossible to tell which is the later of the two; and each contain the clause ‘revoking all others,’[3] [so that] they do make each other impossible of execution.”
I readily agree with the majority opinion that the cases are between the same parties and the object of the demand is the same, i.e., the nullity of the “probated will.” But the demand in each case is not founded on the same cause of action. The first attack, as stated in the opinion, is based “on the sole ground that its date is uncertain the second is based on the claim set *423 out in footnote 2 herein, i.e., that our decree on the first appeal “ ‘definitely establishes the date of the “probated will” as August, 1945” [4] and while all three petitions contain similar allegations, “that the probated will and Wood No. 3, being each dated August 3, 1945, it is impossible to tell which is the later of the two, and since each contain the clause ‘revoking all others’ they do make each other impossible of execution,” this third attack is based on the allegation that it was a physical impossibility for the decedent to have changed the date on the probated will to the date fixed by this Court on first appeal, and for cause allege that the testatrix was attending Temple University in Pennsylvania from June 28, 1948, until August 6, 1948, and the probated will was locked in the safety deposit box of the defendant Frank B. Wood during that period. Consequently, the cause of action presented in the suit now on appeal was neither tendered for decision in the former suits, nor adjudicated upon in the judgments that followed, and therefore is not a “thing adjudged” within the meaning of the LSA-Civil Code, Article 2286, our basic law on the subject, which reads as follows: “The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must he founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.” [5] (Italics above, and those which follow, are mine.)
In the case of Hope v. Madison, 194 La. 337, 193 So. 666, the question put here was squarely before this Court for consideration and was decided contrary to the majority view herein. Counsel for the defendant there contended “that the issue [object] presented in the former and present suits is identical, i.e., the validity vel non of the deed from plaintiff to defendant; that plaintiff, having hut one cause of action, was compelled to urge all of her reasons or grounds supporting the same in her former suit; and that, having failed to *425 include therein the ground presently urged, she is barred from recovering in the present action by the judgment in the former suit.” In disposing of that issue we pointed out that, as previously stated by this Court in State v. American Sugar Refining Company, 108 La. 603, 32 So. 965, “The law of res judicata is stated with great simplicity and precision by article 2286, Civ.Code, * * *. This formula was borrowed by ■our Code from the Code Napoleon (article 1351) ; by the Code Napoleon from Pothier, Obligations, No. 889; a nd by Pothier from the Roman jurisconsults. It brings out with great distinctness the salient feature of the law of res judicata, namely, the identity that must exist as to thing demanded, cause of action, and persons in the two suits. * * * And to the same effect are our own decisions. * * * Our court has never wavered, that we know of, in the rigid exaction of the three unities.”[6] The opinion further observes that Dalloz, in his work Répertoire de Législation, vo. “Chose Jugée,” No. 103, declares that this is the unanimous sentiment of the courts and writers of France; and mentions that M. Planiol, one of the most eminent of the modern French commentators, treats the subject as follows in his work entitled Traité Elémentaire de Droit Civil: “To *427 recognize in which case the exception of res judicata is applicable to a new demand, three conditions have long been established ; it is necessary 1. That the second suit be between the same parties, 2. That it be brought on the same object, and 3. That it have the same cause as the first. (Article 1351 [Code Napoleon]).”

. 224 La. 975, 71 So.2d 537. The ground of the attack that the date was uncertain was the fact that the will was originally dated, both at its beginning and conclusion, August 3, 1945, and the year date at the beginning only had been changed, admittedly by the testatrix, by imposition of an “8” over the “5”.

. 228 La. 640, 83 So.2d 885, 886. After the finality of our decree holding that since the date of the will intended by the testatrix (August 3, 1948) was clearly and readily determinable, there was no uncertainty of date, and that the testatrix bad intended rather to change the effective date of the will, the plaintiffs’ second suit attacking the validity of the same will was filed, but based on the allegation that our former decree “ ‘definitely establishes the date of the “probated will” as August, 1945.’ ” The plaintiffs also alleged that decedent left another purported will, likewise dated August 3, 1945, identified as Wood No. 3; and “ ‘each having revoking clauses, they do revoke each other and all prior wills.’ ”

. The decedent left other olographic wills bearing earlier dates.

. In oui' opinion on that appeal, maintaining the exception of no cause of action, we pointed out: “That we did not initially declare the correct date of the probated will to be August 3, 1945, and that the construction now being placed by plaintiffs’ counsel on our former opinion is obviously an aforethought, are demonstrated by counsel’s own allegat'ons” on application to this Court for rehearing, and to the U. S. Supreme Court for writ of certiorari; observing “that although it may have been drawn originally in 1945 the testatrix intended to and did give her testament, by superimposition, the certain date of August 3, 1948.” 228 La. at page 648, 83 So.2d at page 887.

. “The doctrine of the common law courts that res judicata includes not only everything pleaded in a cause, but even that which might have been pleaded, does not obtain generally under our system.” Woodcock v. Baldwin, 110 La. 270, 275, 34 So. 440, 441; see, also, Himel v. Connely, 195 La. 769, 197 So. 424, and Hope v. Madison, 194 La. 337, 193 So. 666.

. As stated by this Court in the case of Quarles v. Lewis, 226 La. 76, 82, 75 So.2d 14, 16, “There are only three exceptions to this general rule that res adjudieata does not apply unless there he an identity of demands, parties and cause of action, as prescribed by Article 2286 of the Code. Those exceptions are succinctly stated in Himel v. Connely, supra, thus: ‘There are decisions recognizing three exceptions to the general rule which we have quoted, but the exceptions are not pertinent to this case. One of the exceptions that was made is that in a petitory action the parties to the suit must •assert whatever titles they have, and not hold back any claim for future litigation. Shaffer v. Scuddy, 14 La.Ann. 575; Brigot’s Heirs v. Brigot, 49 La. Ann. 1428, 22 So. 641; Howcott v. Pettit, 106 La. 530, 31 So. 61; Lindquist v. Maurepas Land & Lumber Co., 112 La. 1030, 36 So. 843; Gajan v. Patout & Burguieres, 135 La. 156, 65 So. 17; Succession of Whitner, 165 La. 769, 116 So. 180. Another exception to the general rule has been made in suits for a partition or division of real estate. Choppin v. Union National Bank, 47 La.Ann. 660, 17 So. 201; Wells v. Files, 136 La. 125, 66 So. 749; Samuels v. Parsons, 146 La. 262, 83 So. 548. And the third exception to the general rule has been made in suits for an injunction against the execution of a judgment, or of a writ of seizure and sale in executory process. McMicken v. Morgan, 9 La.Ann. 208; Trescott v. Lewis, 12 La.Ann. 197; Fluker v. Davis, 12 La.Ann. 613; Porter v. Morere, 30 La.Ann. 230; Brooks v. Magee, 126 La. 388, 52 So. 551; Schwartz v. Siekmann, 136 La. 177, 66 So. 770. But, in injunction suits, the right of the head of a family to claim the homestead exemption is not waived by his enjoining the sale on other grounds without claiming the homestead exemption. Lee v. Cooper, 155 La. 143, 98 So. 869. The present suit does not come within any of the exceptions to the general rule, that the doctrine of the common-law courts, that res judicata includes not only everything pleaded in a cause but even that which might have been pleaded, does not prevail in Louisiana.’ See also Hope v. Madison, supra.”