107 So.2d 319 (1958)
Walter TAYLOR et al., Plaintiffs-Appellees,
v.
Pinkie Goins WILLIAMS et al., Defendants-Appellants.
No. 8864.
Court of Appeal of Louisiana, Second Circuit.
November 25, 1958.
*320 Armand F. Rabun, Farmerville, J. B. Dawkins, Monroe, for appellants.
Dhu & Lea S. Thompson, Monroe, for appellees.
AYRES, Judge.
This is an ejectment proceeding wherein plaintiffs seek, under the provisions of LSA-R.S. 13:4911 et seq., to evict defendants from a certain described tract of land comprising 181 acres, more or less, situated in Union Parish, Louisiana.
As a defense to this action the defendant, Pinkie Goins Williams, denied plaintiffs' ownership of the property described and asserted title to a certain described portion thereof, aggregating 29.6 acres, in herself and in her children, issue of her marriage with one Walter Williams, now deceased, predicated upon prescription acquirendi causa of ten and thirty years under LSA-C.C. Articles 3478 and 3499, respectively.
To defendants' assertions of ownership, plaintiffs filed and urged exceptions of no cause and no right of action and pleas of res judicata and estoppel, all of which were referred to the merits.
After trial on the merits of the rule to show cause, the plea of res judicata was sustained. There was further judgment in plaintiff's favor, as prayed for, ordering and directing defendants to surrender possession and delivered the property to plaintiffs.
From the judgment thus rendered and signed only Pinkie Goins Williams perfected an appeal. Plaintiffs have answered the appeal, praying that their plea of estoppel be sustained and maintained.
The defendants, other than Pinkie Goins Williams, filed exceptions of no cause and no right of action to plaintiffs' demands, which were overruled, followed by their answers in which they, too, asserted title and ownership to certain other described portions of the aforesaid major tract by virtue of thirty years prescription acquirendi causa. Inasmuch as they did not appeal they are not before the court, hence it is unnecessary to make further mention of the actions which they pursued.
By this appeal only one issue is presented for determination and that is the application, vel non, of plaintiffs' plea of res judicata, predicated upon a prior action and judgment between plaintiffs and defendants.
The former action was an action of partition directed towards the partitioning by licitation of the aforesaid major tract in which interests were alleged in each of the plaintiffs, as well as in each of the defendants.
The plaintiffs in that action were Pinkie Goins Williams and the other defendants in this action. The defendants there are the plaintiffs in the present action. Others appeared as defendants in both actions.
In the former action Pinkie Goins Williams asserted title to an undivided 7/32nds interest in and to the 181 acres, predicated upon a deed from one Sarah Roberts Williams to Walter Williams as head and master of the community of acquets and gains then existing between him and this defendant. Appellants' position is that the plea of res judicata is inapplicable under the general rule prevailing in this State as stated in LSA-C.C. Article 2286, which provides:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
This position is based on the contention that the demands in the two suits were not the same in that the demands in the former suit for recognition of ownership of an undivided 7/32nds interest in and to the whole of the major tract of 181 acres, are not the *321 same as in the present action for recognition of the ownership of a specific 29.6 acres of the major tract. Moreover, it is further contended that the basis of ownership in the two actions constituted distinct and separate causes of actionby deed and inheritance in the former action and by prescription in the present suit.
Neither do plaintiffs in this action contend that the plea of res judicata is predicated upon the aforesaid codal provision. On the contrary, they assert that the plea is based upon exceptions to the aforesaid general rule applicable among others, to petitory actions and actions of partitions. The exception to the general rule is well established in the jurisprudence of this State in three types of cases that a judgment is conclusive not only of the matters raised and decided but also of all matters which might have been pleaded, with respect, first, to petitory actions; second, to actions of partition, and, third, suits for injunction against the execution of judgments or a sale under executory process, except upon grounds which are matters of public policy, such as, for instance, the homestead exemption. Comment"Res Judicata Matters which might have been pleaded.", by Claude O'Quin, 2 La.Law Review, 491-525; Quarles v. Lewis, 226 La. 76, 75 So.2d 14; Brown Land & Royalty Co., Inc., v. Pickett, 226 La. 88, 75 So.2d 18; Himel v. Connely, 195 La. 769, 197 So. 424.
Therefore, in the exceptions above noted, the general rule that res judicata does not apply unless there be an identity of demands, persons and cause of action, as prescribed by LSA-C.C. Article 2286 is inapplicable.
To determine the category of these actions consideration must be given to their character and the relief sought. The first of these actions is an avowed action of partition. That was its expressed object appearing in both petitions and prayer. Ownership is the basis of the action of partition. Samuels v. Parsons, 146 La. 262, 83 So. 548; Broussard v. Allen, 198 La. 475, 3 So.2d 742; Norah v. Crawford, 218 La. 433, 49 So.2d 751; Kelly v. Moore, 225 La. 1072, 74 So.2d 379.
And, in bringing the partition, plaintiff must necessarily show that he is a co-owner with the defendant. Continental Securities Corp. v. Wetherbee, 187 La. 773, 175 So. 571. Hence, an action of partition partakes of the nature of a petitory action. The latter is one by which real property or an immovable right to such property is claimed or asserted; Code of Practice, Articles 5, 43. The burden of proof in a petitory action to establish his claim is upon plaintiff. Code of Practice, Article 44; Collins v. Sun Oil Co., 223 La. 1094, 68 So.2d 184; Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225; Simmons v. Jones, La.App., 68 So.2d 663; Curry v. Henry, La.App., 29 So.2d 808.
The same rule prevails as to plaintiffs' burden in actions of partition. Norah v. Crawford, supra; Kelly v. Moore, supra; Broussard v. Allen, supra; Continental Securities Corp. v. Wetherbee, supra.
These similarities are pointed up for the obvious reason that one of the essential issues tendered in the action of partition is one of title, whereas in the present action a question of title is likewise tendered by defendants' answer and assertion of ownership in a specific portion of the property from which she is sought to be evicted and which is a portion of the same property to which she was denied recovery of title in the former action.
While different bases for title are relied upon in the two actions, both actions, in reality, involve the same issue, that is, one of title and ownership of the same property or of a portion thereof.
The observation and ruling of the Supreme Court in Brown Land & Royalty Co., Inc., v. Pickett, supra [226 La. 88, 75 So.2d *322 19] are appropriate and controlling in the instant case. There it was stated:
"Under the civil law as codified in our state, unlike the doctrine of the common law courts that hold res judicata includes not only everything pleaded in a cause but everything that might have been pleaded, `The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be made between the same parties, and formed by them against each other in the same quality.' Article 2286 of the LSA-Civil Code. (Emphasis supplied.)
"But, like most rules, this is not without exception, and while there is confusion in our jurisprudence over the necessity for all-inclusive pleading in a given cause, due in large measure to reliance on expressions contained in common law authorities, there is no confusion with respect to the application of the law with respect to the plea of res judicata in petitory actions, for our jurisprudence uniformly requires that parties litigant in a petitory action, whether plaintiff or defendant, set up whatever title or defense they may have or a judgment thereon will bar a second suit based on a right or claim which existed at the time of the first suit, even though omitted therefrom. Shaffer v. Scuddy, 14 La.Ann. 575; Brigot's Heirs v. Brigot, 49 La.Ann. 1428, 22 So. 641; Howcott v. Pettit, 106 La. 530, 31 So. 61; Lindquist v. Maurepas Land and Lumber Co., 112 La. 1030, 36 So. 843; Gajan v. Patout & Burguieres, 135 La. 156, 65 So. 17; Succession of Whitner, 165 La. 769, 116 So. 180; Hope v. Madison, 194 La. 337, 193 So. 666; Himel v. Connely, 195 La. 769, 197 So. 424, and Quarles v. Lewis, 226 La. 76, 75 So.2d 14. See, also the discussion of this subject at 2 Louisiana Law Review 491."
Some of the earlier decisions supporting this rule are: Shaffer v. Scuddy, 14 La.Ann. 575; Choppin v. Union National Bank, 47 La.Ann. 660, 17 So. 201; Brigot's Heirs v. Brigot, 49 La.Ann. 1428, 22 So. 641; Howcott v. Pettit, 106 La. 530, 531, 31 So. 61; Gajan v. Patout & Burguieres, 135 La. 156, 65 So. 17; Succession of Whitner, 165 La. 769, 116 So. 180.
While the foregoing constitute ample and valid reasons for sustaining the plea of res judicata, and the affirmance of the judgment appealed, it appears appropriate before concluding this opinion to make further reference to the proceedings had in the trial court in the action of partition.
First, the judgment rejecting plaintiffs' demands in such an action does not change or alter the character of the action pursued. Neither is there any sound basis or reason by which it could be concluded that a judgment so rejecting plaintiffs' demands in an action of partition is not just as effective, binding and executory as if it had been rendered in plaintiffs' favor and a partition ordered. That an action of partition was instituted on certain alleged grounds put at issue by answer and tried and adjudicated, suffices on the question of validity.
The undivided interest in the whole of the estate claimed by Pinkie Goins Williams in the former suit was predicated upon a deed from Sarah Roberts Williams to Walter Williams, husband, as aforesaid, of Pinkie Goins Williams; the basis of the vendor's title was that she was a suviving widow in community with one Silas Williams. The substance of the defense urged to these claims were set forth both in the exceptions of no cause and no right of action and in an answer wherein it was specifically denied that Silas Williams and Sarah Roberts Williams were ever married, or that a community of acquets and gains ever existed between them, or that Sarah Roberts *323 Williams ever had or acquired title to any interest in the property involved, and that, as a consequence, it was further urged that she, having no title, conveyed none to Walter Williams.
The issues thus made up and presented were tried on their merits. After the conclusion of the trial and, on giving due consideration to the proof offered by both plaintiffs and defendants, it was concluded by the trial court that plaintiffs failed to establish their claims of title and ownership, particularly that Sarah Roberts Williams, because she was never married to Silas Williams, never acquired any title or interest, and, consequently, she conveyed none, and, finally, that plaintiffs therein, not having acquired any interest in such property, were without a right of action.
The judgment sustaining the exception of no right of action and rejecting plaintiffs' demands constituted a final and definitive judgment as to the merits of the case. The judgment, in fact, recited that plaintiffs' demands were rejected and it could be therefore, no less effective and binding had its language ignored the exception altogether and rejected plaintiffs' demands, which, indeed it did after a trial on the merits.
The conclusions herein reached obviate any necessity of giving consideration to the plea of estoppel urged by plaintiffs.
For the reasons hereinabove set forth, predicated upon an exception to the general rule prevailing in this State under LSA-C.C. Article 2286, as to res judicata, the conclusion is inescapable that the judgment rendered and signed in the former action of partition is res judicata as to the issues raised and presented in defendants' answer in the present cause.
Accordingly, for the reasons assigned, the judgment appealed is affirmed at appellant's costs.
Affirmed.