169 So.2d 401 (1964)
Gloria L. NECK, Plaintiff-Appellant,
v.
Sidney J. NECK, Defendant-Appellee.
No. 1291.
Court of Appeal of Louisiana, Third Circuit.
December 1, 1964.
*402 Eugene N. Scallan, Marksville, for plaintiff-appellant.
Ryan J. Couvillon, Marksville, for defendant-appellee.
Before FRUGÉ, SAVOY and HOOD, JJ.
FRUGÉ, Judge.
Plaintiff, Gloria Lacombe Neck, instituted this suit seeking a partition by licitation of certain immovable property she alleged was owned in indivision by her and defendant, Sidney Neck, in the proportion of one-half to each. Defendant, Sidney Neck, filed an exception of no right of action, alleging that plaintiff sold her interest to defendant by act of sale dated March 23, 1962.
The district court sustained the exception of no right of action, finding that plaintiff was without right or interest to maintain the action. Judgment was rendered dismissing the plaintiff's suit at her cost. She has taken this appeal.
Plaintiff, Gloria Lacombe Neck, is the former wife of Elmo Neck, they having been judicially separated on September 24, 1961, and subsequently divorced. The property in dispute was acquired on March 22, 1955, as community property and served as their residence prior to the separation.
On trial of the exception of no right of action, defendant Sidney Neck introduced in evidence an act of sale dated March 23, 1962, in which the defendant appeared as purchaser of the property in dispute. The act of sale designates Elmo Neck as "Seller." However, as stated therein, Gloria Lacombe Neck "joins her husband in the execution of this act of sale." The act of sale provides for a stated cash consideration *403 of $8,934.79, and the assumption of an existing mortgage having an unpaid balance of $8,065.21 for a total consideration of $17,000. The cash consideration was therein acknowledged to have been received by Elmo Neck. Plaintiff admittedly signed this act of sale.
The trial judge found, and we agree, that the act of sale was not an authentic act for the reason that plaintiff did not appear before a Notary in affixing her signature, although it was affixed in the presence of two competent witnesses This was, however, an act under private signature. The act of sale has been duly recorded.
Defendant, by his testimony and by introducing in evidence certain cancelled checks, established that the total cash consideration was received by Elmo Neck. The check, though made payable jointly to Elmo Neck and Gloria L. Neck, was never endorsed by plaintiff, her apparent endorsement allegedly having been forged. Plaintiff testified that she has not at any time received any portion of the purchase price.
Plaintiff admits her signature on the act of sale. She contends that in signing the printed form she had no intention to conclude a sale at that time. Briefly stated, plaintiff testified that her husband, from whom she was then judicially separated, obtained her signature on the act of sale by representing that her signature was required on the form in order that there could be negotiations that might later culminate in a sale. She states that she had no intention to sell her interest in the property merely by signing the form, since she at that time had no knowledge of the amount of the proposed purchase price nor of the identity of the prospective purchaser. She testified that she did not read the act of sale for the reason that Elmo Neck told her that it was only an identical copy of an imcomplete form she had signed at his request the previous day. Since she did not read the act of sale, she admits she has no knowledge of what its contents were at the time she signed it. It is plaintiff's contention that defendant only acquired the interest of Elmo Neck and not her one-half interest in the property.
It is defendant's contention that the act of sale divested plaintiff of all claims of ownership she had in the property and that therefore she is without interest to maintain an action for a partition thereof. Having established by admissions that plaintiff signed the act of sale, and having presented evidence of payment of the stated cash consideration, defendant rested his case. Defendant objected to the introduction of any parol evidence for the purpose of varying the terms of the purported act of sale.
At this point it should be emphasized that we are here concerned with a suit for partition by licitation of property as between co-owners and not a suit seeking a rescission or nullification of a sale. In her petition plaintiff made no allegations of fraud or error. She only alleged that she and defendant were co-owners of the property and that she no longer desired to hold the property in indivision with defendant.
Parties to a written agreement involving the sale of an immovable may not, in the absence of allegation of fraud or error, introduce parol evidence for the purpose of contradicting, varying or adding to that written agreement. LSA-Civil Code Arts. 2238, 2440, 2276. Shannon v. Shannon, 188 La. 588, 177 So. 676; Lear v. Great National Development Co., 215 La. 749, 41 So.2d 668. Plaintiff has admitted signing the act of sale and cannot now, without properly alleging fraud or error, introduce evidence to show that she did so with intentions other than those stated in the written agreement.
It necessarily follows that plaintiff cannot successfully contend that defendant should have seen that she received payment for her interest in the property. The act of sale states that payment was made to Elmo Neck and plaintiff's signature indicates approval of this mode of payment.
*404 In order to maintain an action for partition, it is necessary that plaintiff own some interest in the property. Without some ownership, the plaintiff is without a right of action. Broussard v. Allen, 198 La. 475, 3 So.2d 742; Norah v. Crawford, 218 La. 433, 49 So.2d 751; Kelly v. Moore, 225 La. 1072, 74 So.2d 379; Taylor v. Williams, La.App. 2 Cir., 107 So.2d 319; Dipuma v. Anselmo, La.App. 1 Cir., 137 So.2d 76.
We agree with the ruling of the trial court that plaintiff's suit should be dismissed. In the interest of justice, however, we think the suit should be dismissed as of non-suit, without prejudice to plaintiff's right to demand in other proper proceedings that the act of sale be set aside on the grounds of fraud or error, and, if successful in obtaining that ruling, to thereafter demand a partition of the property.
For these reasons the judgment appealed from is amended to decree that the suit is dismissed as of non-suit and without prejudice. In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Amended and affirmed.